ADAMS, ADMX., APPELLANT, *v.* MALIK, D. B. A. THE B & B FOOD MARKET, APPELLEE.

(No. 1391—Decided May 29, 1957.)

*Messrs. Hyman & Hyman* and *Mr. Andrew M. Keep,* for appellant.

*Messrs. Fauver & Fauver,* for appellee.

DOYLE, J. The sole question for decision, in this appeal from a judgment of the Court of Common Pleas of Lorain County, is whether the administratrix of the estate of Andrew Nicho-

las Dusendong, deceased, can maintain an independent action for funeral expenses, incidental to the burial of the decedent, against an alleged tort-feasor whose conduct proximately caused decedent's death.

We entertain the appeal on questions of law from an order sustaining a demurrer to the petition, on the authority of *Schindler* v. *Standard Oil Co.,* 165 Ohio St., 76, 133 N. E. (2d), 336, 56 A. L. R. (2d), 1233. It seems obvious that the ruling on the demurrer affected a substantial right and in effect determined the action. Any amendment to the pleading would be of no avail.

The petition pleaded negligent conduct of the defendant which proximately resulted in the death of the decedent, and that plaintiff, "as said administratrix, * * * became obligated for the resulting funeral expenses of the decedent, which amounted to one thousand twenty-five dollars ($1,025)." The pleading concluded with a prayer for the amount with interest.

The appellant herein (plaintiff below) makes the following statement relative to the sustaining of the demurrer:

"In effect, the court is saying to the plaintiff, you may sue for wrongful death under Sec. 2125.01, R. C.; you may sue for pain and suffering of said injured man under Section 2305.21, R. C.; but you have no remedy for this money you became obligated to pay, as administratrix * * *."

Section 2305.21, Revised Code, provides:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto."

The action which may be prosecuted under this section of the Code is for the benefit of the estate. If any judgment is secured, it may be entirely consumed by court costs and creditors. The administrator sues as legal owner of the general personal estate which has descended to him in course of law. See: *Fielder, Admr.,* v. *Ohio Edison Co.,* 158 Ohio St., 375, at pages 379 and 380, 109 N. E. (2d), 855, 35 A. L. R. (2d), 1365.

Section 2117.25, Revised Code, provides, in part:

"Every executor or administrator shall proceed with diligence to pay the debts of the deceased and shall apply the assets in the following order:

"(A) Costs and expenses of administration;

"(B) Bill of funeral director not exceeding three hundred fifty dollars and such funeral expenses other than the bill of the funeral director as are approved by the Probate Court;

"* * *

"(H) Other debts as to which claims have been presented within four months after the appointment of the executor or administrator;

"* * *

"Such part of the bill of the funeral director as exceeds three hundred fifty dollars * * * shall be included as a debt under * * * [division] (H) * * * of this section * * *."

From the wording of the above statute it appears that the Legislature recognized an honest and proper claim for funeral expenses presented within time to an administrator of the estate of a deceased person as a debt of the estate for which the estate of the deceased is liable. That a claim was properly presented in the instant case is shown by the wording of the petition, in which the administratrix pleaded that "she became obligated for the resulting funeral expenses."

Causes of action for injuries to property, according to the statute (Section 2305.21, Revised Code, *supra*), survive, notwithstanding the death of the person entitled thereto.

Can we say here that there has been an injury to property in the decedent's estate resulting from a tort which caused the decedent's death?

"Injury" means damage or hurt done to or suffered by a thing; detriment to or violation of property or (lessening) the value of a thing. Webster's New International Dictionary (2 Ed., Unabridged, 1953).

The word "injury" need not be confined to physical damage or destruction of tangible property, but the word is broad enough to include the lessening in value of an estate by a depletion in value thereof resulting from tort. Illustrations are legion of what in legal parlance is meant by the word "injury"

in connection with property not physically damaged, for instance, the injury to the residue in a condemnation proceeding when the part remaining is left without access to a road or highway. Injury to property may be said to extend to and include a hurt to the owner of property directly connected with and growing out of the ownership thereof, whereby the property is decreased in value.

It appears to the members of this court that the property in the estate of the deceased was injured to the extent of the amount of charge against it for the payment of expenses tortiously induced. In other words, actions for "injuries to property" which survive death may include actions for charges for funeral expenses, for the reason that, where property is diminished by a charge against it or a payment out of it, to satisfy a legal obligation, which obligation was induced by the tort of another, there is an injury to property to the extent of the lessening in value of the estate.

We have been cited the opinion of Judge Bell (now a member of the Supreme Court of Ohio), written for the Common Pleas Court of Madison County, in *Hunter* v. *McKinney,* 69 Ohio Law Abs., 237, 101 N. E. (2d), 810. Reference is made to that case and to the court's reasoning.

It is our conclusion that the demurrer in the case before us was wrongfully sustained, and, in so ruling, we find sufficient conflict with the cases of *Hillard, Admr.,* v. *Western & Southern Life Ins. Co.,* 68 Ohio App., 426, 34 N. E. (2d), 75, and *Moss* v. *Hirzel Canning Co.,* 100 Ohio App., 509, 137 N. E. (2d), 440, to certify the judgment to be entered herein to the Supreme Court of Ohio for final determination.

Judgment reversed, and case certified to the Supreme Court for final determination.*

*Judgment reversed.*

HUNSICKER, P. J., and STEVENS, J., concur.

---

*The appellee did not prosecute an appeal to the Supreme Court.