## WARREN MARIER v. MEMORIAL RESCUE SERVICE, INC., AND OTHERS.

207 N. W. 2d 706.

May 25, 1973—No. 43322.

*Alfred R. Sundberg* and *James R. McClure,* for appellant.
*David W. Nord, Collins & Buckley, Eugene D. Buckley, Mur-*

*nane, Murnane, Battis & Conlin,* and *Thomas J. Battis,* for respondents.

Heard before Knutson, C. J., and Kelly, Todd, and Olson, JJ.

TODD, JUSTICE.

Plaintiff appeals from a denial of his motion for a new trial. Plaintiff's claim arose out of an intersection accident, and the jury found plaintiff and two defendants each 33 1/3 percent negligent. The trial court ordered judgment for defendants. We affirm.

Pursuant to Rule 110.04, Rules of Civil Appellate Procedure, no record of this case was reproduced. The following is a statement of the case approved by the district court:

"This was an action for personal injuries including total disability for a period and permanent partial disability thereafter arising out of an accident where the plaintiff, driving easterly on a construction by-pass of State Highway No. 8, was struck by an ambulance going westerly on said highway and making a left turn into the plaintiff. The ambulance was meeting a highway department truck for directions to the scene of another accident. The defendant driver of the truck directed the ambulance to left turn, and the ambulance made the left turn without [the driver] seeing the plaintiff. The defendant driver of the truck admitted that he directed the left turn, and the defendant ambulance driver and assistant both admitted they made the left turn without seeing the plaintiff.

"The jury found a verdict for the plaintiff in the sum of $15,850.00 under a special verdict which found plaintiff 33 1/3% negligent, defendant ambulance [driver] 33 1/3% negligent, and defendant truck driver 33 1/3% negligent. The court denied plaintiff's motion to find the defendants jointly and severally liable for concurrent negligence in the proportion of 66 2/3% as against plaintiff's 33 1/3%. The court also refused to certify the case to the Supreme Court as important and doubtful.

"Because of the financial inability of the plaintiff to accept

the further burden of the cost of a transcript of testimony, the printing of a record and brief, and the refusal of both defendants to agree to a full statement of facts, plaintiff is obliged to limit the issues on the appeal to the construction of Minnesota statute MSA 604.01 and the challenge of the lower court's determination herein."

The sole issue presented on appeal is construction of our comparative negligence statute, Minn. St. 604.01,[1] which provides in part:

"Subdivision 1. Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering. * * * When there are two or more persons who are jointly liable, contributions to awards shall be in proportion to the percentage of negligence attributable to each, provided, however, that each shall remain jointly and severally liable for the whole award."

1. Plaintiff contends that since the negligence of the defendants in this case was concurrent he is entitled to have his percentage of negligence compared to the combined percentages of negligence of the defendants. Defendants assert that since the negligence of plaintiff equals that of each of the defendants no liability attaches.

Our comparative negligence statute was based on Wis. Stat. 1969, § 895.045, the predecessor of which was adopted in 1931. We have held that, when we adopt a statute from another state which has been interpreted by the highest court of that state, we normally take the interpretation with the statute up to the

---

[1] Adopted May 23, 1969.

time of the adoption of our statute. Olson v. Hartwig, 288 Minn. 375, 377, 180 N. W. 2d 870, 872 (1970).

In construing § 895.045, prior to its amendment in 1971, the Wisconsin Supreme Court held on numerous occasions that, in order for the plaintiff to recover against any defendant in a multiple-party action, his negligence must be less than that of the party against whom recovery is sought. Chille v. Howell, 34 Wis. 2d 491, 149 N. W. 2d 600 (1967); Walker v. Kroger Grocery & Baking Co. 214 Wis. 519, 252 N. W. 721, 92 A. L. R. 680 (1934).

Plaintiff claims that the Wisconsin court has created exceptions to this rule. Cases which appear to support plaintiff's position are Severson v. City of Beloit, 42 Wis. 2d 559, 167 N. W. 2d 258 (1969); Reber v. Hanson, 260 Wis. 632, 51 N. W. 2d 505 (1952); and Schwenn v. Loraine Hotel Co. 14 Wis. 2d 601, 111 N. W. 2d 495 (1961). Examination of these cases indicates that they do not support the position advocated by plaintiff. In the Severson case, the parties stipulated at trial that the defendants' negligence would be submitted as a single question, and the Wisconsin Supreme Court held that the failure to request a special verdict on the issue of each defendant's negligence precluded an objection on appeal. In the Reber case, the Wisconsin court held that the duty of parents to exercise control and protection of their children was a joint duty and their causal negligence in failing to keep a child off a driveway used by business customers was joint and not divisible. This holding has not been expanded by the Wisconsin court, and in the Schwenn case it specifically refused to follow the suggestion that the Reber case be extended to a situation involving concurrent negligence of two defendants.

Several jurisdictions besides Minnesota and Wisconsin have adopted comparative negligence statutes. In most jurisdictions the courts have taken a position similar to the general Wisconsin rule. Only the Arkansas Supreme Court in Walton v. Tull, 234 Ark. 882, 356 S. W. 2d 20 (1962), has reached a contrary

result. However, in a vigorous dissent the chief justice of the Arkansas court pointed out that the opinion was contrary to the weight of authority.

We adopt the Wisconsin rule and hold that, in order for a plaintiff to recover from a defendant, his negligence must not be as great as the negligence of the defendant against whom he seeks recovery. If the percentage of a plaintiff's negligence is the same as the percentage of negligence of a defendant against whom he seeks recovery, the plaintiff cannot recover against that defendant. Walker v. Kroger Grocery & Baking Co. *supra.* In the instant case, since plaintiff's negligence was the same as each of the defendants, there can be no recovery.

2. We have had occasion to construe the provision in our statute pertaining to joint tortfeasors in Krengel v. Midwest Automatic Photo, Inc. 295 Minn. 200, 203 N. W. 2d 841 (1973). In that case, we held that where several defendants were engaged in a joint economic adventure and a plaintiff is injured while using the product of that joint adventure, a common entity is created "whose members, for liability purposes, are indistinguishable." 295 Minn. 209, 203 N. W. 2d 847. This portion of our statute does not appear in the Wisconsin statute. Our holding in the Krengel case established that, under certain fact situations, the defendants may be treated as a unit for purposes of comparative negligence. We decline to expand this unitary concept to the situation where the defendants involved are concurrently negligent but do not meet the tests provided in the Krengel case for establishing joint liability. Such an extension would clearly be a change in the substantive rule established by our statute and is properly a function of the legislature.

3. Our legislature may well wish to consider the 1971 action of the Wisconsin legislature in changing their comparative negligence law and permitting recovery by a plaintiff whose negligence is not greater than the negligence of the person against whom recovery is sought. Wis. Stat. 1971, § 895.045 (Laws of

Wisconsin, 1971, c. 47). However, such a change is not properly the function of this court.

Affirmed.