519 P.2d 1225 (1974)
DARNELL PHOTOGRAPHS, INC., a Colorado corporation, Plaintiff-Appellant,
v.
GREAT AMERICAN INSURANCE COMPANY, a New York corporation, Defendant-Appellee.
No. 73-072.
Colorado Court of Appeals, Div. II.
January 8, 1974.
Rehearing Denied January 29, 1974.
Certiorari Denied March 25, 1974.
Edward R. Gleason, Littleton, for plaintiff-appellant.
Yegge, Hall & Evans, James C. Perrill, Richard A. Hanneman, Denver, for defendant-appellee.
Selected for Official Publication.
COYTE, Judge.
Plaintiff appeals from a judgment entered on a jury verdict for defendant in a negligence action. We reverse.
Plaintiff brought this action against defendant alleging that it suffered $4,424.67 in damages because of the negligence of *1226 defendant in failing to add additional coverage to plaintiff's policy of insurance with defendant. In its answer, defendant denied that it was negligent and asserted, among other affirmative defenses, that plaintiff was contributorily negligent.
At the conclusion of trial to a jury, the trial court, among its instructions, gave Colorado Jury Instructions 9:1 and 9:15. Those instructions define contributory negligence and explain that there may be no recovery where plaintiff is guilty of any contributory negligence which is a proximate cause of the loss. Plaintiff objected to the giving of these instructions and contends that the court erred by giving such instructions because the events under which this action arose occurred after the effective date of the comparative negligence statute, 1971 Perm.Supp., C.R.S. 1963, 41-2-14. That statute, in part, provides:
"Contributory negligence shall not bar recovery in any action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property. . . ." (emphasis added).
It is undisputed that the events involved in this action occurred after the effective date of the statute. However, defendant asserts that the comparative negligence statute is not applicable to the instant case because its negligence, if any, may have resulted in pecuniary loss, but it did not cause any injury to plaintiff's property.
Defendant invites us to follow Miller v. Pine Bluff Hotel Co., 8 Cir., 286 F.2d 34, where the court interpreted the wording in an Arkansas statute which is similar to that contained in the Colorado statute quoted above. In that case, the court construed the statute narrowly and held that the words "injury to property" did not apply to a situation involving a loss of property. However, we decline to follow that rule.
It is well recognized that comparative negligence statutes have been enacted to ameliorate the harsh results which sometimes occur under the doctrine of contributory negligence. W. Prosser, Torts § 67 (4th ed.). To adopt the narrow construction of the statute proposed by defendant would defeat the purpose for which it was designed; therefore, we hold that the phrase "injury to property" in the comparative negligence statute is not necessarily limited to a physical injury to tangible property, but rather includes any damage resulting from invasion of one's property rights by actionable negligence. Side v. Thompson, Sup., 205 N.Y.S.2d 240; Adams v. Malik, 106 Ohio App. 461, 155 N.E.2d 237. We conclude that the comparative negligence statute was applicable to the instant case, and that thus the trial court erred by giving instructions on contributory negligence.
Neither party tendered an instruction on the comparative negligence issue. However, it was necessary that the jury be properly instructed on this issue, and counsel for the parties having failed in this respect, the trial court on its own motion should have given the appropriate instructions. Kendall v. Hargrave, 142 Colo. 120, 349 P.2d 993.
Defendant also contends that the comparative negligence statute has no application to this case because the function of the jury has been usurped by the stipulation of the parties that plaintiff incurred damages of $4,424.67. Defendant argues that the stipulation is controlling as to the issue of damages and it would annul any apportioned award returned under the comparative negligence statute. This contention is without merit.
The comparative negligence statute, 1971 Perm.Supp., C.R.S. 1963, 41-2-14(2), states the function of the finder of fact as follows:
"(a) In any action to which subsection (1) of this section applies, the court, in a nonjury trial, shall make findings of fact or, in a jury trial, the jury shall return a special verdict which shall state:
"(b) The amount of the damages which would have been recoverable if *1227 there had been no contributory negligence; and
"(c) The degree of negligence of each party, expressed as a percentage."
In the instant case where the total damages are stipulated, the stipulation operates as a substitute for the jury's determination of damages under subsection 41-2-14(2)(b). However, even though the total damages are stipulated, the jury must determine the degree of negligence under subsection 41-2-14(2)(c), and the court must make the appropriate apportionment under subsection 41-2-14(3).
The judgment is reversed and the cause remanded for a new trial on all disputed issues.
ENOCH and PIERCE, JJ., concur.