Robert LOWERY, Annette Lowery and
the City of Bath

v.

OWEN M. TAYLOR AND SONS, INC.,
Nicholas S. Sewall d/b/a Small Point
Lobster Pound, and Bruce Burr, Administrator of the Estate of Joseph Burr.

Supreme Judicial Court of Maine.

June 13, 1977.

Hart & Stinson, P. A. by Ronald W. Lupton, Carl W. Stinson, Ronald A. Hart, Bath, for plaintiffs.

Mahoney & Robinson by M. Roberts Hunt, Lawrence P. Mahoney, Portland, for Owen M. Taylor & Sons, Inc.

Verrill & Dana by John W. Philbrick, Portland, for Nicholas S. Sewall.

Peter W. Culley, Portland, for Bruce Burr.

Before DUFRESNE, C. J., and WEATHERBEE,[*] POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

Despite a jury finding that plaintiff Robert Lowery's negligence was less than that of the defendant, Owen M. Taylor and Sons, Inc. (Taylor), and despite the fact that the jury reduced the total damages from $182,-000.00 to $127,400.00, a Justice of the Superior Court, on Taylor's motion for judgment n.o.v., determined as a matter of law that plaintiff's negligence was more "blameworthy" than that of the defendant. He granted the motion, judgments were accordingly entered for the defendant, from which the plaintiff has appealed.[1]

We sustain the appeal.

Since Maine adopted comparative negligence by the enactment in 1965 of 14 M.R. S.A. § 156, we have had several occasions to review the findings of a jury in such cases. The standard of appellate review is essentially the same as we had previously adopted in reviewing the granting of a motion for a directed verdict, namely, by viewing the evidence, and every legitimate inference which it would reasonably support, in the light most favorable to the one against whom the motion operates. *Gowell v. Thompson*, 341 A.2d 381, 382 (Me.1975); *Isaacson v. Husson College*, 297 A.2d 98, 101 (Me.1972); *Moore v. Fenton*, 289 A.2d 698, 700 (Me.1972). On that premise we must here determine whether there was any rational view of the evidence which would justify the jury in reaching the result it did. *Isaacson v. Husson College, supra; Boetsch v. Rockland Jaycees*, 288 A.2d 102, 104 (Me. 1972); *Orr v. First National Stores*, 280 A.2d 785, 787–88 (Me.1971).

Under the concept of comparative negligence as carefully enunciated in *Wing v. Morse*, 300 A.2d 491 (Me.1973), the jury is required to evaluate the relative blameworthiness of the negligent conduct of each participant and to attribute the proximate or legal cause of the injuries to the responsible party. A fortiori, if facts exist upon which a jury can rationally make these factual determinations, a presiding Justice acts erroneously by either removing the case from the jury or by substituting his version of the facts for those reached by the jury. *Gowell v. Thompson, supra; Boetsch v. Rockland Jaycees, supra.* It is only when no facts exist upon which a jury could infer that a defendant was negligent that a Justice properly removes the case from jury consideration. *MacArthur v. Dead River Co.*, 312 A.2d 745 (Me.1973).

The rules hereinbefore quoted are well known and our problem in the instant case is to determine from the record whether there were facts from which the jury's response can be justified.

What were these facts?

\* WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

1. It was agreed that Annette Lowery's action for loss of consortium be merged with her husband's action and that the jury should conjoin in one result whatever damages Mr. and Mrs. Lowery may have suffered. Likewise, it was stipulated that the City of Bath, being the owner of the police vehicle which was damaged, could recover its damages in a stipulated sum if Mr. Lowery should prevail. Thus, for purposes of this opinion we consider the merits of the appeal as though Mr. Lowery was the sole plaintiff and Owen M. Taylor and Sons, Inc., was the sole defendant.

The defendant Taylor was in the process of installing a sewer line on a public street in Bath and had left a power shovel parked overnight in the highway, although for a small consideration it could have been removed therefrom and parked in an adjacent area. Taylor's employees had left ignited several "smudge pots" as a warning to traffic of the presence of this machine which, for reasons not made clear, would frequently go out. In the late evening of the day before and in the early hours of the day of this accident, these smudge pots were relighted by the Bath Police Department on numerous occasions. An employee of Taylor was informed of this but no corrective action was taken.

The plaintiff was a Bath policeman who was on duty after midnight. Having relit the smudge pots twice, he arrived at the scene again in the vicinity of 3:30 a. m., and parked his police cruiser in the southbound traffic lane adjacent to the road machinery. His headlights and blinking warning lights were on but his blue flashing light was not activated. The parked cruiser and Taylor's power shovel effectively blocked the highway. While Lowery was attempting to relight the pots, a vehicle approached proceeding northerly and, the driver's vision being impaired by the headlights of the police cruiser, collided with the cruiser, seriously injuring the plaintiff's left leg.

In answer to interrogatories the jury determined that Mr. Lowery's negligence was less than that of Taylor but more than that of the driver of the northbound vehicle.[2]

The jury could have found that Taylor's negligence consisted of leaving a piece of heavy equipment obstructing a public highway, when it could have easily been parked elsewhere without endangering the public. Additionally, it could have found that Taylor did not give the public appropriate warning of the presence of this machine since it failed to provide effective warning devices and failed to take affirmative action to correct a dangerous situation after notification thereof by the Bath Police Department. As opposed to this evidence, the jury could have found the plaintiff acted negligently by parking his cruiser as he did, by failing to dim his headlights, and by failing to activate his flashing blue light.

The jury was required to compare the blameworthiness of the causative fault of Taylor and the plaintiff and, proceeding on appropriate instructions, it responded. We cannot say on this record that this response was irrational. As we observed in *Isaacson v. Husson College, supra*, "'different fair minded persons may fairly draw different conclusions from the evidence." *Id.* at 101.

We are satisfied that it was error to grant the motion for judgment n.o.v., and the case should be remanded to the Superior Court for reinstatement of the jury verdict.

## CROSS–APPEAL

Taylor cross-appealed to challenge an instruction given to the jury. The jury had been instructed that the causal negligence of the plaintiff must be compared with the causal negligence of *each* individual defendant, i. e., Taylor and Mr. Burr, the employee of Nicholas S. Sewall. The interrogatories submitted to the jury were premised on this instruction. Neither this instruction nor the form of the interrogatories was objected to by Taylor.

Despite the admonition of Rule 51(b), M.R.C.P., we have held that appellate review is appropriate "in the interest of justice" if jury instructions contained "palpable, prejudicial error," even though no objection to such instructions were made. *Wing v. Morse, supra* at 502; *Gould v. Bangor & Aroostook R.R. Co.,* 292 A.2d 837, 843 (Me.1972). However, when, as here, a litigant not only fails to interpose any objection but acquiesces affirmatively in the action taken, he cannot later be heard to complain. Counsel for Taylor plainly acquiesced in the instruction given by the

---

**2.** Joseph Burr was the driver of the northbound vehicle and he and his employer, Nicholas S. Sewall, were joined as parties defendant. Mr. Burr's subsequent death was unrelated to this accident.

presiding Justice and we hold, therefore, that the point has not been saved for appellate review.[3]

The entry is:

(1) The cross-appeal is denied.

(2) Plaintiff's appeal sustained. Remanded to the Superior Court for reinstatement of the jury verdict.

(3) Plaintiff is entitled to 6% interest from the date of the filing of the complaint to the date of this mandate.[4]

All Justices concurring.

DELAHANTY, J., did not sit.

**3.** This result should lead to no inference as to our conclusion if the issue sought to be raised by the cross-appeal were properly before us. We are aware that there is a split of authority among jurisdictions as to the appropriate method of comparing a plaintiff's negligence in cases involving multiple defendants. *See, e. g., Wheeling Pipe Line, Inc. v. Edrington*, 535 S.W.2d 225, 226 (Ark.1976) (combined comparison); *Li v. Yellow Cab Co.*, 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226, 1243 (1975) (combined comparison); *Marier v. Memorial Rescue Service, Inc.*, 296 Minn. 242, 207 N.W.2d 706, 709 (1973) (individual comparison); *Mishoe v. Davis*, 64 Ga.App. 700, 14 S.E.2d 187, 193 (1941) (individual comparison).

**4.** 14 M.R.S.A. § 1602; Rule 76(e), M.R.C.P.; *Rand v. B. G. Pride Realty*, 360 A.2d 519 (Me. 1976).