**Bernice Stannard v. John Harris, et al.**

[380 A.2d 101]

No. 362-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed November 9, 1977

*David F. Buckley*, Bellows Falls, for Plaintiff.

*Robinson E. Keyes* of *Ryan, Smith & Carbine, Ltd.*, Rutland, for Harris; *J. Eric Anderson* of *Fitts & Olson*, Brattleboro, for Nissan Motor Co., Ltd., Defendants.

**Daley, J.** The principal issue in this appeal arises under Vermont's comparative negligence statute, 12 V.S.A. § 1036, and relates to the right of recovery by a plaintiff whose

negligence was found to be greater than that of each individual defendant but equal to the combined negligence of both defendants.

The plaintiff brought this civil action to recover for injuries sustained when she attempted to exit from the rear seat of a Datsun automobile owned and operated by the defendant Harris, caught her foot in the safety belt, and fell. The manufacturer and the distributor of the automobile were also joined as defendants, but the distributor Nissan Motor Company in U.S.A. subsequently obtained a directed verdict in its favor and is no longer a party to this action. Plaintiff complained that defendant Harris was negligent in failing to illuminate the inside of the automobile, and in failing to remove the safety belt from plaintiff's path of exit or to warn of the safety belt's presence. As to defendant Nissan Motor Company, Ltd., plaintiff alleged both negligence in the manufacture and design of the safety belts, and breach of express and implied warranties that the safety belts were safe, merchantable, and fit for the particular purpose for which they were sold. The cause was tried by jury which returned a general verdict of nonliability in favor of both remaining defendants.

In its answers to interrogatories submitted with the general verdict, the jury found each party guilty of negligence which was the proximate cause of the accident and apportioned the total causal negligence, necessarily amounting to 100%, as follows: 50% to the plaintiff; 25% to defendant Harris; 25% to defendant Nissan. Having so found, the jury did not answer those interrogatories relating to damages. Following the return of the general verdict the plaintiff moved the court to set aside the verdict and to enter judgment in accord with her motion for directed verdict or, in the alternative, to grant a new trial. From the denial of her post verdict motions, the plaintiff appeals. We affirm.

It is plaintiff's main contention that Vermont's comparative negligence statute bars recovery only if her negligence exceeded the combined negligence of all defendants. Under this theory the plaintiff would recover because her negligence, while twice that of each defendant individually, was not greater than the combined negligence of both defendants. Because the jury instructions, given without objection, reflected this

combined negligence rationale, plaintiff argues that the general verdict entered against her is inconsistent with the law as charged and with the interrogatories answered pursuant to that instruction. When answers to interrogatories are inconsistent with the general verdict, judgment may be entered in accordance with the answers, notwithstanding the general verdict. V.R.C.P. 49; cf. *Kilfasset Farms Dairy, Inc.* v. *State Highway Board*, 135 Vt. 363, 376 A.2d 340, 342 (1977). However in the instant case an inconsistency arises only if the plaintiff is correct in her main contention. In our opinion she is not.

Our comparative negligence statute reads as follows:

> Contributory negligence shall not bar recovery in an action by any plaintiff, or his legal representative, to recover damages for negligence resulting in death, personal injury or property damage, if the negligence was not greater than the causal negligence of the defendant, but the damage shall be diminished by general verdict in proportion to the amount of negligence attributed to the plaintiff. Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed.

This statute drastically changed our law of negligence, as it overturned the harsh doctrine of contributory negligence which barred recovery if a plaintiff's negligence contributed to his injury even in the slightest degree. The statute has been in effect unchanged since July 1, 1971. To date the Court has assessed the legislative intent of this enactment only once, and that occurred in *Howard* v. *Spafford*, 132 Vt. 434, 321 A.2d 74 (1974), a case involving a challenge to Vermont's doctrine precluding contribution among joint tortfeasors. Writing for a unanimous court, Justice Larrow first surveyed the variety of legislative approaches to comparative negligence law. He then noted the effect that contribution among joint tortfeasors would have on the Vermont comparative negligence statute which

does away with joint and several liability among joint tortfeasors who are now liable only severally and only in the proportion that their negligence bears to the causal negligence of all defendants found liable. *Id.* at 437, 321 A.2d at 76. Pointing out that comparative negligence statutes in the main are the result of the legislative rather than the judicial process, Justice Larrow categorized our statute as a political compromise between pure comparative and contributory negligence in that it retains contributory negligence as a bar to recovery only where it exceeds 50% of the total causal negligence. *Id.* at 438, 321 A.2d at 76.

Today we consider another aspect of the statute: whether the General Assembly intended that the plaintiff's negligence be compared with the negligence of each defendant individually or with the combined negligence of all defendants. The *Spafford* opinion presaged the question now before us. In Mr. Justice Larrow's review of the intent of the Legislature which gave birth to the doctrine of comparative negligence in this State, there is dicta to the effect that the statute was construed at the trial level as barring recovery against any defendant whose negligence is less than plaintiff's negligence. *Id.* We hereby adopt the dicta of *Spafford* as the holding of this case. Where the language of a statute is clear, the statute must be enforced according to its terms. *Quero* v. *Vermont State Tax Department,* 131 Vt. 326, 328, 306 A.2d 684, 686 (1973). Here the General Assembly employed the words: "Contributory negligence shall not bar recovery ... if the negligence [of the plaintiff] was not greater than the causal negligence of the *defendant.*" (emphasis added). By its choice of the word "defendant" in the singular, the Legislature plainly intended to require an individual comparison with each defendant and to bar recovery if plaintiff's negligence is greater than that of each individual defendant. We find no compelling reason advanced by plaintiff to overturn this legislative determination by judicial fiat. If there is a need for change, that question is properly addressed to the legislative body.

This Court can assume that the issue of individual versus combined negligence was considered by the Vermont Legislature and that the state of the law in other jurisdictions was a factor in this consideration. See also *Howard* v. *Spafford, supra,* 132 Vt. at 437, 321 A.2d at 76. The result of the legislative

process in Vermont, as we construe it, is consonant with the majority view in states enacting a comparative negligence statute of the 50% type. Comment, *Comparative Negligence in Vermont: A Solution or a Problem*, 40 Alb. L. Rev. 777, 785 (1976). In Wisconsin, the recognized pioneer in comparative negligence law, the state supreme court has consistently held the individual comparison method to be mandated by statute. *Soczka* v. *Rechner*, 73 Wis. 2d 157, 164, 242 N.W.2d 910, 914 (1976); *Walker* v. *Kroger Grocery & Baking Co.*, 214 Wis. 519, 536, 252 N.W. 721, 727 (1934). The Wisconsin Court has concluded that its statute reflects a general legislative policy that a negligent plaintiff should not be allowed to recover from one less negligent than himself. *Schwenn* v. *Loraine Hotel Co.*, 14 Wis. 2d 601, 610, 111 N.W.2d 495, 500 (1961). Indeed this policy determination is seen as the rationale underlying all of the so-called 50% systems. 40 Alb. L. Rev., *supra*, at 785; (1975) The Defense Research Institute, Inc., Comparative Negligence Primer No. 4, 23. We conclude that the Vermont statute likewise reflects a policy decision by our General Assembly as indicated by the use of the word "defendant" in the singular, and that this policy precludes recovery by the plaintiff Stannard because her negligence exceeded that of each defendant.

No error appears in the denial of the plaintiff's post verdict motions. Evidently the trial court, recognizing its error in instructing the jury on the defendant's combined negligence, corrected itself in its order denying plaintiff's motion to set aside the verdict in which it quoted the dicta from *Spafford* requiring individual comparison. We find therefore that the general verdict is in accord with the jury's answers to the interrogatories and with the law as properly stated in *Spafford* and reiterated by this Court today. Since any misstatements of the law in the trial court's instructions are harmless, substantial justice has been done. V.R.C.P. 61.

Plaintiff also claims the trial court erred in not submitting to the jury an interrogatory upon its breach of warranty claims. This point was not raised in the trial court but presented here for the first time. We will not consider it. *Keene* v. *Willis*, 128 Vt. 187, 189, 260 A.2d 371, 372 (1969).

*Judgment affirmed.*