## No. C-l375

**David Martinez v. David A. Stefanich, a minor through his father and next friend, Philip Stefanich and Philip Stefanich and Fred Vidmar, John Vidmar and Florine Vidmar**

(577 P.2d 1099)

Decided May 8, 1978.

Hansen & Briet, Robert W. Hansen, for petitioner-defendant.

Frickey & Cairns, Richard H. Cairns, Dan W. Corson, for respondents-plaintiffs.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This tort action arises out of a 1974[1] shooting incident involving three minors, one of whom was thirteen and the other two fourteen years old. The petitioner, David Martinez, after being told by a co-defendant that a revolver was unloaded, shot the respondent David A. Stefanich in the shoulder. Trial to a jury resulted in a verdict in favor of the respondents. The jury was instructed under Colorado's comparative negligence statute, section 13-21-111, C.R.S. 1973 (1976 Supp.), and the jury found the respondent (David Stefanich) 10% negligent, the petitioner (David Martinez) 35% negligent, the other minor 20% negligent, and the parents of the minor in whose name the accident occurred 35% negligent. The court of appeals affirmed in *Stefanich v. Martinez,* 39 Colo. App. 500, 570 P.2d 554 (1977). We granted certiorari and now affirm.

The sole issue on appeal is whether co-defendants in a tort action under the Colorado comparative negligence statute[2] are jointly and severally liable for injuries sustained by a plaintiff who is also determined to have been negligent.[3] The petitioner asserts that the comparative negligence system is logically inconsistent with the common law doctrine of joint and several liability and seeks a determination that liability can be imposed upon co-defendants only to the extent of their individual negligence as determined by the jury. The petitioner contends that no justification exists for utilizing the negligence apportionment as between plaintiff and defendants, while ignoring it among co-defendants. We disagree.

A review of the law in those jurisdictions which have adopted comparative negligence reveals that the concept of joint and several liability has been retained under comparative negligence unless specifically abolished by statute. *See, e.g., Wheeling Pipe Line, Inc. v. Edrington,* 259 Ark. 600, 535 S.W.2d 225 (1976); *Fitzgerald v. Badger State Mutual Casualty Co.,* 67 Wis.2d 321, 227 N.W.2d 444 (1975); *Gazaway v. Nicholson,* 190 Ga. 345, 9 S.E.2d 154 (1940); *V. Schwartz,*

---

[1] The provisions of Colorado's Uniform Contribution Among Tortfeasors Act, Colo. Sess. Laws 1977, ch. 195, 13-50.5-101, *et seq,* at 808, which became effective July 1, 1977, do not apply to this action.

[2] Section 13-21-111, C.R.S. 1973 (1976 Supp.).

[3] We have previously held that the doctrine of joint and several liability continues to operate when the injured plaintiff is found to be free of negligence. *Ringsby Truck Lines, Inc. v. Bradfield,* 193 Colo. 151, 563 P.2d 939 (1977); *Kampman v. Dunham,* 192 Colo. 448, 560 P.2d 91 (1977).

*Comparative Negligence,* §16.4 (1974 & 1978 Supp.). The petitioner has pointedly failed to cite a single judicial authority which supports his contention that the doctrine of joint and several liability is incompatible with Colorado's system of comparative negligence.

In *American Motorcycle Ass'n v. Superior Court of Los Angeles, supra,* the California Supreme Court held that the doctrine of joint and several liability should apply under California's comparative negligence law for three distinct reasons: First, the court held that the feasibility of apportioning fault on a comparative basis did not render an indivisible injury divisible for purposes of the joint and several liability rule. Secondly, plaintiff's culpability is not equivalent to that of a co-defendant's, since his negligence relates only to a failure to use due care for his own protection, while a defendant's negligence relates to a lack of due care for the safety of others. Finally, fairness and public policy dictate that a wronged party should not be deprived of his right to damages. Additionally, the fact that one defendant is impecunious should not relieve another defendant of liability for damages which he proximately caused.

The considerations expressed by the California Supreme Court in *American Motorcycle Ass'n. v. Superior Court of Los Angeles, supra,* and the absence of a contrary statutory provision cause us to conclude that the common law doctrine of joint and several liability is not inconsistent with our system of comparative negligence. The doctrine of joint and several liability in the context of comparative negligence continues to insure that negligently injured persons will be able to obtain adequate compensation for their injuries from those tortfeasors who have negligently inflicted the harm.

Accordingly, the judgment is affirmed.