**MOUNTAIN MOBILE MIX, INC., a Colorado corporation, Petitioner,**

v.

**Pete GIFFORD, individually and d/b/a Foothills Concrete; Dale Green, individually and as a partner in Timberridge Construction Co., a partnership; and Timberridge Construction Co., a partnership, Respondents.**

**No. 81SC47.**

Supreme Court of Colorado, En Banc.

Feb. 22, 1983.

Cosgriff, Dunn & French, Timothy H. Berry, Leadville, for petitioner.

Madden & Strate, P.C., Trevor J. Mac-Lennan, Denver, for respondents.

Ireland, Stapleton & Pryor, P.C., William G. Imig, Paul S. Sanzo, Denver, for Nat. Ass'n of Independent Insurers, amicus curiae.

Hoffman & McDermott, Gerald P. McDermott, Leland P. Anderson, Denver, for Colorado Trial Lawyers Ass'n, amicus curiae.

ERICKSON, Justice.

This appeal presents a case of first impression involving the liability of multiple defendants under the Colorado comparative negligence statute, section 13–21–111, C.R. S.1973. The sole issue is whether the comparative negligence statute should be interpreted to require that the contributory negligence of a plaintiff be compared against the combined negligence of multiple defendants. The court of appeals held that an individual comparison rule is to be applied which requires that the plaintiff's negligence be compared against the negligence of each defendant individually. *Mountain Mobile Mix, Inc. v. Gifford,* 628 P.2d 133 (Colo.App.1980). We reverse the court of appeals and hold that the negligence of multiple defendants should be combined when compared against the plaintiff's negligence. Damages may be recovered from multiple defendants found liable unless the plaintiff was 50% or more at fault.

## I.

The respondents, Dale Green and Peter Gifford, contractor and subcontractor respectively, were jointly engaged in the construction of a residential duplex in Rifle, Colorado. Mountain Mobile Mix was to provide concrete for the foundation of the structure.

On January 25, 1978, Larry Lewis, an employee of the petitioner, Mountain Mobile Mix, Inc., delivered a load of concrete to the construction project. To facilitate Mountain Mobile Mix's delivery, Gifford and Green had constructed a dirt ramp from street level into the excavation site. The depth of the excavation was approximately seven feet. Lewis, the driver of the cement truck, arrived at the job site and proceeded to back onto the dirt ramp to make his delivery. As Lewis was backing his truck into the excavation, the edge of the dirt ramp collapsed, causing the truck to slide into the site. The truck and the construction project sustained damages of over $10,000.

A trial was held to the court, which determined that each party to the action was contributorily negligent. The court apportioned the negligence of the parties as follows:

| | |
|---|---|
| Mountain Mobile Mix | 33⅓% |
| Gifford | 33⅓% |
| Green | 33⅓% |

The court then concluded that the Colorado comparative negligence statute, section 13–21–111, C.R.S.1973, barred Mountain Mobile Mix from recovering because its negligence was equal to the negligence of each of the defendants.

On appeal, the court of appeals agreed with the trial court. The court of appeals concluded that, under accepted canons of statutory construction, the comparative negligence statute precludes recovery for plaintiffs who are equally or more negligent than any joint tortfeasor. We disagree and therefore reverse the court of appeals.

## II.

For a number of years, Colorado adhered to the common law rule that contributory negligence by the plaintiff was a complete bar to recovery. The rule led to harsh results in many cases where a plaintiff was only slightly at fault but was still denied any recovery. *See generally Montgomery Elevator Co. v. Gordon,* 619 P.2d 66 (Colo. 1980); *Darnell Photographs, Inc. v. Great American Insurance Co.,* 33 Colo.App. 256, 519 P.2d 1225 (1974). The General Assembly alleviated many of the undesirable consequences of contributory negligence when it adopted the comparative negligence statute in 1971. The statute, similar to those enacted in a number of other states, allows a plaintiff to recover damages unless the plaintiff has contributed 50% or more to the negligence which causes an accident.

Comparative negligence statutes are generally a means of apportioning the damages of a tort among the tortfeasors. Prosser, *Comparative Negligence,* 51 Mich.L.Rev. 465 (1953). Two types of comparative negligence statutes predominate. The first, "pure comparative negligence," permits a plaintiff to recover damages regardless of his degree of fault, though damages are correspondingly reduced by the percentage to which the plaintiff contributed to his loss. *See* C. Heft & C. Heft, *Comparative Negligence Manual* § 1.50 (1978 & 1982 Supp.). For example, a 90% negligent plaintiff could still recover 10% of the total damages.

The second, "mixed comparative negligence," permits a plaintiff to recover when his negligence causes less than a specified percentage of the tort. *Id.* at § 1.40. Typically, the cut-off percentage is 50%. Thus, a plaintiff who is less than 50% contributorily negligent may still recover damages, though the amount of his recovery will be proportionally reduced by the plaintiff's percentage of contributory fault. The common law doctrine of contributory negligence as a complete bar applies to plaintiffs over the set percentage. Pure or mixed comparative negligence schemes have been adopted in nearly forty states by either

judicial decision or by legislative act. *Id.* at Appendix II.

Colorado has a mixed comparative negligence statute. The statute provides in part:

"(1) Contributory negligence shall not bar recovery in any action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, *if such negligence was not as great as the negligence of the person against whom recovery is sought,* but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is made."[1]

(Emphasis added.) A plaintiff in Colorado who is 50% or more negligent is barred from recovery under this modified contributory negligence rule. The question remains as to what effect multiple defendants will have on the plaintiff's right to recover.[2]

## III.

This case revolves around the proper interpretation of the comparative negligence statute. It is axiomatic that a statute should be construed liberally so that the true intent and meaning of the General Assembly may be fully carried out. Section 2–4–212, C.R.S.1973 (1980 Repl.Vol. 1B); *People v. Lee,* 180 Colo. 376, 506 P.2d 136 (1973). It is presumed that the General Assembly intended a statute to effect a just and reasonable result. Section 2–4–201, C.R.S.1973 (1980 Repl.Vol. 1B); *see generally* R. Dickerson, *The Interpretation and Application of Statutes* 43–103 (1975). If the language of a statute is not dispositive, courts must resolve the ambiguity by interpreting the statute in accordance with the purposes sought to be attained, with the circumstances under which the statute was enacted, and with other statutes or common law relating to the same or similar subjects. Section 2–4–203, C.R.S.1973 (1980 Repl.Vol. 1B). We must therefore construe any ambiguities in the comparative negligence statute to harmonize the statute's language with the purposes of comparative negligence and related tort doctrines of joint and several liability and contribution among tortfeasors.

The controversy in this appeal arises from the language in the statute which purports to limit recovery if plaintiff's "negligence was not as great as the negligence of *the person* against whom recovery is sought" (emphasis added). The respondents argue that the plain language of the statute dictates that plaintiff's negligence should be compared against each defendant's negligence. In our view, the issue cannot be resolved by a mechanical and narrow reading of the statute. *See Posey v. District Court,* 196 Colo. 396, 586 P.2d 36 (1978), *People v. Silvola,* 190 Colo. 363, 547 P.2d 1283 (1976).

1. Section 13–21–111, C.R.S.1973, further provides:

"(2) In any action to which subsection (1) of this section applies, the court, in a nonjury trial, shall make findings of fact or, in a jury trial, the jury shall return a special verdict which shall state:

(a) The amount of the damages which would have been recoverable if there had been no contributory negligence; and

(b) The degree of negligence of each party, expressed as a percentage.

"(3) Upon the making of the finding of fact or the return of a special verdict, as is required by subsection (2) of this section, the court shall reduce the amount of the verdict in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is made; but if the said proportion is equal to or greater than the negligence of the person against whom recovery is sought, then, in such event, the court shall enter a judgment for the defendant.

"(4) In a jury trial in any civil action in which contributory negligence is an issue for determination by the jury, the trial court shall instruct the jury on the effect of its finding as to the degree of negligence of each party. The attorneys for each party shall be allowed to argue the effect of the instruction on the facts which are before the jury."

2. For convenience, we will use "individual comparison rule" when referring to the situation where there is no aggregation of the fault of multiple defendants. We will use "combined comparison rule" when referring to the situation where defendants' fault will be aggregated in comparison with plaintiff's fault.

In addition to the previously mentioned canons of statutory construction which the General Assembly has codified, it has directed us that the use of a singular in a statute also includes the plural. Section 2–4–102, C.R.S.1973 (1980 Repl.Vol. 1B); *see also Renck v. Motor Vehicle Division,* 636 P.2d 1294 (Colo.App.1981) (police "officer" includes "officers"). The respondents would have us ignore rules for statutory interpretation when there is no indication that the comparative negligence statute was intended to embody an individual comparison rule. If the General Assembly truly intended the phrase "the person" to exclude the plural, then it could have unambiguously provided for that result by using the phrase "each individual person." *See Van Horn v. William Blanchard Co.,* 173 N.J.Super. 280, 285, 414 A.2d 265, 267 (1980) (Pressler, J., dissenting) (legislature should have used "any person" to clarify statute). Even though the General Assembly's wording is imprecise, we do not believe that a strict parsing of the statutory language compels an individual comparison rule. *See also Odenwalt v. Zaring,* 102 Idaho 1, 624 P.2d 383 (1981) (Bistline, J., concurring in part, dissenting in part); *Board of County Commissioners v. Ridenour,* 623 P.2d 1174 (Wyo.1981) (McClintock, J., specially concurring). We must therefore construe the statute in light of its intended purpose. Examination of the underlying public policy which the General Assembly intended to effectuate with the comparative negligence statute convinces us, as it has other courts and legislatures, that a combined comparison approach best serves those ends.

There has been a marked split of opinion on how best to meet the goals of the comparative negligence acts. Courts have interpreted statutory language which is identical or substantially similar to Colorado's to reach an opposite conclusion. *Compare Odenwalt v. Zaring,* 102 Idaho 1, 624 P.2d 383 (1981) (individual comparison); *Marier v. Memorial Rescue Service,* 296 Minn. 242, 207 N.W.2d 706 (1973) (individual comparison); *Rawson v. Lohsen,* 145 N.J.Super. 71, 366 A.2d 1022 (1976) (individual comparison); *Stannard v. Harris,* 135 Vt. 544, 380 A.2d 101 (1977) (individual comparison); *Walker v. Kroger Grocery & Baking Co.,* 214 Wis. 519, 252 N.W. 721 (1934) (individual comparison); *Board of County Commissioners v. Ridenour,* 623 P.2d 1174 (Wyo. 1981) (individual comparison); *Mishoe v. Davis,* 64 Ga.App. 700, 14 S.E.2d 187 (1941) (individual comparison) *with Walton v. Tull,* 234 Ark. 882, 356 S.W.2d 20 (1962) (combined comparison); *Wong v. Hawaiian Scenic Tours, Ltd.,* 642 P.2d 930 (Hawaii 1982) (combined comparison); *Laubach v. Morgan,* 588 P.2d 1071 (Okla.1978) (combined comparison); *Graci v. Damon,* 6 Mass.App. 160, 374 N.E.2d 311 (1978), *cert. denied,* 375 Mass. 788, 383 N.E.2d 842 (1978) (combined comparison). In addition, a growing number of state legislatures have clarified ambiguous language in favor of a combined comparison approach. *See, e.g.,* Conn.Gen. Stat. § 52–572h (1981); Kan.Stat.Ann. § 60–258a (1976); Nev.Rev.Stat. § 41.141 (1973); Or.Rev.Stat. § 18.485 (1975); Tex. Rev.Civ.Stat.Ann. art. 2212a (Vernon 1982 Supp.).

The seminal case adopting the combined comparison approach is *Walton v. Tull,* 234 Ark. 882, 356 S.W.2d 20 (1962). There, the court reasoned that the comparative negligence act was intended to distribute the total damages of a tort among those who caused them and not to expand the scope of traditional contributory negligence past the 50% bar. Further, the court was convinced that it would be incongruous to limit plaintiff's recovery in certain instances when multiple defendants combined to cause injuries: Plaintiffs could recover if only one defendant were found liable but could possibly recover nothing if multiple defendants were found liable for the same harm, even though plaintiff's conduct was identical in each situation. In arguing for a contrary result, the dissent in *Walton* relied on reasoning from various Wisconsin Supreme Court cases which applied an individual comparison rule.

Many courts have followed the lead of the *Walton* dissent and have relied on a line of Wisconsin cases to support the adoption of the individual comparison rule. *See, e.g.,*

*Odenwalt v. Zaring,* 102 Idaho 1, 624 P.2d 383 (1981); *Marier v. Memorial Rescue Service,* 296 Minn. 242, 207 N.W.2d 706 (1973); *Stannard v. Harris,* 135 Vt. 544, 380 A.2d 101 (1977); *Board of County Commissioners v. Ridenour,* 623 P.2d 1174 (Wyo.1981). Wisconsin is looked to because it was one of the first states to adopt a comparative negligence statute. Since 1934, Wisconsin's Supreme Court has consistently applied an individual comparison rule. *See Wisconsin Natural Gas Co. v. Ford, Bacon & Davis Construction Corp.,* 96 Wis.2d 314, 291 N.W.2d 825 (1980); *Reiter v. Dyken,* 95 Wis.2d 461, 290 N.W.2d 510 (1980); *May v. Skelley Oil Co.,* 83 Wis.2d 30, 264 N.W.2d 574 (1978); *Soczka v. Rechner,* 73 Wis.2d 157, 242 N.W.2d 910 (1976); *Gross v. Denow,* 61 Wis.2d 40, 212 N.W.2d 2 (1973); *Walker v. Kroger Grocery & Baking Co.,* 214 Wis. 519, 252 N.W. 721 (1934).

Despite the Wisconsin Supreme Court's consistent application of the rule, several justices on that court have recently questioned the wisdom of the rule. *See, e.g., Reiter v. Dyken,* 95 Wis.2d 461, 290 N.W.2d 510 (1980) (change in individual comparison rule best left to legislature; two justices dissenting); *May v. Skelley Oil Co.,* 83 Wis.2d 30, 264 N.W.2d 574 (1978) (majority of court of view that individual comparison rule leads to "harsh and unfair" results). *See also Soeldner v. White Metal Rolling & Stamping Corp.,* 473 F.Supp. 753 (E.D.Wis. 1979). *See generally* Comment, *Change of The Wisconsin Comparative Negligence Statute in Multi-Defendant Suits: May v. Skelly Oil Co.,* 62 Marq.L.Rev. 227 (1978). Wisconsin clings to the individual comparison rule on the basis of *stare decisis* and in deference to the Wisconsin legislature which has long acquiesced in that judicial interpretation of the statute. Accordingly, we do not believe that Wisconsin's judicial interpretation of its comparative negligence law should be given undue weight in Colorado.

There is no doubt that Wisconsin's comparative negligence rule provided a model for many sister states, including Colorado. *See Avery v. Wadlington,* 186 Colo. 158, 526 P.2d 295 (1974); Laugesen, *Colorado Comparative Negligence,* 48 Den.L.J. 469 (1972). However, Colorado's scheme for compensating tort victims and allocating damages among tortfeasors differs significantly from Wisconsin's scheme. Colorado, when it adopted the comparative negligence statute, also adopted a special verdict statute which bears little similarity to Wisconsin's complementary special verdict provision. *Compare* section 13–21–111(2) & (3), C.R.S. 1973 *with* Wis.Stat. § 270.27 (1973). Moreover, the Colorado General Assembly specifically overturned this Court's interpretation of the special verdict statute set forth in *Avery v. Wadlington, supra,* in which we relied on Wisconsin precedent. There we said that the jury in a comparative negligence setting should not be informed of the effect of its percentage findings on the ultimate outcome of the case. *Id.* at 162, 526 P.2d at 297 (relying on *Mutual Auto Ins. Co. v. State Farm Ins. Co.,* 268 Wis. 6, 66 N.W.2d 697 (1954). In its next session, the General Assembly amended the comparative negligence statute to require that juries be instructed on the ultimate effect of their findings. Section 13–21–111(4), C.R.S. 1973 (1982 Supp.). A last and important difference between Wisconsin and Colorado law is the existence in Wisconsin of a common law right to contribution among tortfeasors. *See Bielski v. Schulze,* 16 Wis.2d 1, 114 N.W.2d 105 (1962). When the comparative negligence statute was enacted, Colorado had no common law right of contribution, *see Hamm v. Thompson,* 143 Colo. 298, 353 P.2d 73 (1960); though, in 1977, the General Assembly adopted the Uniform Contribution Among Tortfeasors Act, sections 13–50.5–101 to 106, C.R.S.1973 (1982 Supp.).

The General Assembly enacted a comparative negligence scheme unique to Colorado. In our view, Colorado's entire scheme of compensating tort victims and allocating losses is sufficiently different from Wisconsin's and other states' to render profitless any attempt to rely on Wisconsin's or other courts' judicial gloss of their particular comparative negligence statutes. Based on our reading of Colorado's statute, we can-

not rely exclusively on Wisconsin's interpretation without slighting the policies behind our comparative negligence statute. Rather, our task is to ascertain the intent of the General Assembly in establishing this particular scheme in light of the inequity sought to be eliminated and the remedy chosen to further that end.

## IV.

The comparative negligence statute was intended to ameliorate the harshness of the common law rule of contributory negligence as a bar to any recovery and to apportion damages more equitably among those who cause the losses. *Montgomery Elevator Co. v. Gordon, supra;* V. Schwartz, *Comparative Negligence* Ch. 1 (1974). In our view, the combined comparison rule more fairly and realistically furthers these goals.

Comparative negligence only partially remedies the common law rule that completely barred a plaintiff's recovery. Damages are distributed by fault so that contributorily negligent plaintiffs will not receive a windfall from defendants who are not totally at fault. The General Assembly balanced the traditional notion that blameworthy plaintiffs should not recover damages that they caused to themselves by retaining the 50% cutoff for recovery. The focus of the change was on the conduct of the plaintiff and not on the number of tortfeasors who happen to contribute to the injury.[3] *See Van Horn v. William Blanchard Co.,* 173 N.J.Super. 280, 414 A.2d 265 (1980) (Pressler, J., dissenting). Thus, we do not believe it is fair that a plaintiff who is 45% negligence can recover 55% of his damages from a sole defendant; while a 20% negligent plaintiff cannot recover any damages from four tortfeasors who are each 20% negligent. Such a result would place a premium on plaintiff's decision to forego joinder of potential defendants to avoid spreading the blame too thinly. Conversely, defendants would have every incentive to insure that fault was spread more broadly among tortfeasors in hopes of completely barring plaintiff's recovery. None of the parties would be interested in accurately allocating fault among those who actually caused the injuries. The individual comparison rule would also effectively reintroduce the contributory negligence bar in numerous cases involving multiple defendants.

The combined comparison approach provides the better result in the vast majority of cases. This approach does not base plaintiff's recovery on the fortuitous circumstance of how many defendants combine to cause injury. Instead, financial responsibility for an injury is divided according to fault as long as the plaintiff is less than 50% negligent. Both plaintiff and defendant are "ultimately treated more fairly and more realistically since their rights and obligations are determined in accordance with their actual degree of fault." *Van Horn v. William Blanchard Co.,* 197 N.J.Super. 280, 287, 414 A.2d 265, 268 (1980) (Pressler, J., dissenting). *See also* Comment, *Comparative Negligence in Vermont: A Solution or a Problem?* 40 Alb.L.Rev. 777 (1976).

The only unfairness resulting from the combined comparison approach is in the situation where the primarily negligent tortfeasor is judgment proof and the remaining tortfeasors are less negligent than the plaintiff. For example, assume that the plaintiff is 25% negligent, one defendant is 35% negligent and insolvent, and two other

---

**3.** We have said, in applying the common law rule of joint and several liability to joint tortfeasors found liable under the comparative negligence statute, that the "plaintiff's culpability is not equivalent to that of a co-defendant's, since his negligence relates only to a failure to use due care for his *own protection,* while a defendant's negligence relates to a lack of due care for the *safety of others.*" *Martinez v. Stefanich,* 195 Colo. 341, 343, 577 P.2d 1099, 1100–01 (1978) (emphasis added). We thus recognized that for some purposes the law may treat contributory negligence different than ordinary negligence. It is therefore not anomalous to allow a plaintiff less than 50% culpable a right to recover damages from multiple defendants, even though some joint tortfeasors may have a lesser percentage of fault than the plaintiff. *See also* V. Schwartz, *Comparative Negligence,* § 1.2(B) (1974); *Odenwalt v. Zaring,* 102 Idaho 1, 624 P.2d 383 (1981) (Bistline, J., dissenting).

defendants are each 20% negligent. The defendants who are 20% negligent could be liable for the damages recoverable against all defendants even though their individual negligence was less than the plaintiff's. We are persuaded that this hypothetical injustice is more illusory than real. The Uniform Contribution Among Tortfeasors Act, sections 13–50.5–101 to 106, C.R.S.1973 (1982 Supp.), provides for the equitable apportionment of damages among tortfeasors according to relative degrees of fault. Section 13–50.5–103. Under the act, a single tortfeasor does not have to bear the entire losses for a injury where others are also to blame. However, the contribution act specifically retains the common law doctrine of joint and several liability for each tortfeasor.[4] Thus, joint tortfeasors will have to bear more than their pro rata share of the losses only when one tortfeasor is unable to pay judgment.

The unfairness that accrues when one tortfeasor is impecunious is a consequence of the doctrine of joint and several liability and not of the combined comparison rule we have adopted. Historically, the doctrine of joint and several liability placed the full obligation to pay damages on each and every defendant. The common law choice was to place the risk of an impecunious defendant on joint tortfeasors and not on the plaintiff. *Martinez v. Stefanich,* 195 Colo. 341, 577 P.2d 1099 (1978); *Board of County Commissioners v. Ridenour,* 623 P.2d 1174 (Wyo.1981); Comment, *Change of the Wisconsin Comparative Negligence Statute in Multi-Defendant Suits: May v. Skelly Oil Co., supra;* W. Prosser, *Handbook of the Law of Torts* § 47 (4th ed. 1971). The General Assembly opted to retain this rule when it adopted the contribution act, section 13–50.5–103, *supra* at note 4.

We refused to modify the common law rule of joint and several liability in comparative negligence cases in *Martinez v. Stefa-*

*nich,* 195 Colo. 341, 577 P.2d 1099 (1978). A person injured by the negligence of joint tortfeasors should not be deprived of full recovery because one of the tortfeasors is impecunious. In Colorado, therefore, a judgment proof tortfeasor causes his co-tortfeasors to suffer liability for his share of the judgment. A contrary result, however, would materially shift the risk of an impecunious tortfeasor from defendants back to plaintiffs. As one state supreme court said: "We cannot adopt a narrow construction of our comparative negligence statute in the vain hope of avoiding inequitable situations due to insolvency. Obviously, either the plaintiff or the solvent defendant must suffer and the loss has traditionally fallen upon the wrongdoer." *Walton v. Tull,* 234 Ark. 882, 894, 356 S.W.2d 20, 26 (1962). We find it unpersuasive that the General Assembly intended *sub silentio* to create an exception to Colorado's general comparative negligence scheme of tort liability and damages apportionment merely because of the rare case where a joint tortfeasor less negligent than the plaintiff must pay the entire amount of the judgment obtained by the plaintiff. The potential for that particular unfairness does not seriously compare to the injustice visited upon countless injured persons denied recovery simply because several tortfeasors combined to cause plaintiff's injuries.

Our conclusion is buttressed by an examination of the recently enacted products liability statutes, sections 13–21–401 to 406, C.R.S.1973 (1982 Supp.). The General Assembly specifically provided for comparative fault as the basis for the measurement of damages in products liability cases. Section 13–21–406. Significantly, the statute varies the common law scheme of joint and several liability by requiring defendants less negligent than the plaintiff to pay damages only in proportion to their pro rata share of causal fault. Those defendants

---

4. Section 13–50.5–103 provides:
    "When there is a disproportion of fault among joint tortfeasors, the relative degrees of fault of the joint tortfeasors shall be used in determining their pro rata shares solely for

the purpose of determining their rights of contribution among themselves, *each remaining severally liable to the injured person for the whole injury as at common law."*
(Emphasis added.)

equally or more negligent than the plaintiff, however, remain jointly and severally liable for the entire amount of damages. The products liability statute evidences the General Assembly's awareness of the effect of comparative negligence and other statutes on the ultimate distribution of damages.[5]

Our review of Colorado's negligence statutes and the public policy which prompted the General Assembly to modify the common law in this area convinces us that the combined comparison approach best furthers those goals. We hold that in cases where there are multiple defendants who proximately cause the injury, the degree of fault of each defendant will be combined and compared with the degree of fault of the plaintiff. If the plaintiff is less than 50% at fault, each defendant will be jointly and severally liable for the plaintiff's damages even if the degree of fault of a particular defendant is less than that of the plaintiff.

Accordingly, we reverse the court of appeals and return this case to the court of appeals for remand to the district court for a determination of the amount of damages and for further proceedings consistent with this opinion.

DUBOFSKY, J., does not participate.

---

**5.** The result reached by section 13–21–406 may well alleviate the remaining inequity of the combined comparison approach we have adopted by eliminating the risk of full liability for a tortfeasor less negligent than the plaintiff. Many jurisdictions have adopted this limitation on joint and several liability in comparative negligence actions. *See, e.g.,* Nev.Rev.Stat. § 41.141(3) (1973), which provides:

"Where recovery is allowed against more than one defendant in [a tort action], the defendants are jointly and severally liable to the plaintiff, except that a defendant whose negligence is less than that of the plaintiff or his decedent *is not jointly liable and is severally liable to the plaintiff only for that portion of the judgment which represents the percentage of negligence attributable to him.*" (Emphasis added.) In view of the comprehensive activity by the General Assembly in this area and our decision in *Martinez v. Stefanich,* 195 Colo. 341, 577 P.2d 1099 (1978), we leave any modifications of the combined comparison rule to the General Assembly.