ALFRED F. WOLCOTT v. JOHN A. SKAHILL.

56  221
70  103

In a suit commenced by attachment, under the act of April 28th, 1886
    (*Rev. Sup.*, p. 29, *pl.* 9), to recover penalties under the Gaming act for
    setting up a lottery in this state, it is necessary to set out in the affi-
    davit, to procure the attachment, not only the title of the Gaming
    act, but also the title of the Crimes act, the fifty-first section of which
    declares what lotteries are prohibited by the laws of this state.

On motion to quash attachment.

Argued at June Term, 1893, before Justices VAN SYCKEL
and REED.

For the motion, *William H. Vredenburgh.*

*Contra, James Steen.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This is a suit to recover penalties for
setting up a lottery contrary to the eighth section of the "Act
to prevent gaming." *Rev.*, p. 459.

That section provides that no person shall, within this
state, publicly or privately erect, set up, open, make or draw
any lottery prohibited by the laws of this state; and every
person who shall offend in the premises shall forfeit for every
such offence $2,000, to be recovered by action of debt, with
costs, by any person who will sue for the same in any court
of record having cognizance thereof.

This suit was commenced by attachment, under the act of
April 28th, 1886. *Rev. Sup.*, p. 29, *pl.* 9.

That act provides that the suit may be instituted by attach-
ment, where the penalty is recoverable under and by virtue of
the provisions of any statute or statutes, when the person who
has incurred the penalty absconds or is non-resident in this
state; "*provided,* that the oath or affirmation required by

the act to which this is a supplement shall declare for what penalty the action is brought, and shall contain the title or titles of the statute or statutes under which such penalty or penalties have accrued."

The affidavit upon which the attachment was issued sets forth that the defendant has incurred one hundred and forty-four penalties of $2,000 each, under the provisions of an act entitled "An act to prevent gaming."

The act of 1886 requires that the affidavit shall contain the title or titles of the statute or statutes under which such penalty or penalties have accrued.

The only act referred to in the affidavit is the "Act to prevent gaming." That act provides that any person who shall set up a lottery prohibited by the laws of this state shall be liable to the penalty.

The fifty-first section of the Crimes act (*Rev., p.* 236) declares what lotteries are prohibited by the laws of this state.

That statute is therefore one of the legislative enactments under which the penalties sued for have accrued, and it is necessary, under the proviso of the act of 1886, to set out the title of that act also in a proceeding by attachment to recover the penalties. This is a necessary averment to give the court jurisdiction. The omission is fatal and the writ should be quashed. It is not necessary to decide whether the affidavit states with sufficient certainty what penalties are sought to be recovered.