### J. EDWARD HUNTER v. ERIE RAILROAD COMPANY.

Argued June 8, 1903—Decided November 9, 1903.

1. The act of March 11th, 1880 (*Gen. Stat.*, *p.* 2701, § 270), which provides that it shall not be lawful for any railroad company doing business under a special charter to charge more than three and one-half cents per mile for carrying each passenger, construed as a penal statute, means that a passenger may not be charged three and one-half cents for any mile that is not in whole or in part within the obligation of the carrier to transport him, but that if the passenger may be charged at all, he may be charged three and one-half cents. The act does not mean that for any distance less than a mile a passenger is to be carried free, or that the carrier must subdivide the charge of three and one-half cents per mile in the exact ratio of the fraction of a mile of actual transportation.

2. In a *qui tam* action to recover from a railroad company a penalty, under section 38 of "An act respecting railroads and canals" (*Gen. Stat.*, *p.* 2673, § 449), it is necessary to endorse on the process (Practice act, *Gen. Stat.*, *p.* 2575, § 254) not only the title of the aforesaid statute, but also the title of the act of March 11th, 1880 (*Gen. Stat.*, *p.* 2701, § 270), the alleged violation of which is the foundation of the action.

---

On appeal from the District Court.

Before Justices GARRISON, GARRETSON and· SWAYZE.

For the appellant, *Corbin & Corbin.*

For the appellee, *Fred W. Van Blarcom.*

The opinion of the court was delivered by

GARRISON, J.    This is a *qui tam* action to recover from the defendant the penalty provided by the two statutes that follow:

(1) "Any incorporated company in this state ·which is authorized by law to take toll, or to charge for the transportation of passengers, which shall take or demand of any passenger under any pretense whatever more than the charge or fare allowed by law, shall forfeit and pay one hundred dollars for each offence, to be recovered in debt by any person who may·sue for the same, the one-half·to·the prosecutor and the other half to the use of the state, before any court of competent·jurisdiction." *Gen. Stat., p.* 2673, § 149.

(2) "That it shall not be lawful for any railroad company doing 'business in this state under a special charter to charge more than three and a half cents per mile for·carrying each passenger, and any ticket, except excursion tickets, or tickets sold at reduced rates, shall be good until used, but no charge shall be required in the aggregate to· be less than ten cents; provided, that nothing in this act shall be construed to affect an act entitled 'An act to authorize railroad companies to charge and collect an excess of ten cents where fare is paid in the cars.'" *Gen. Slat., p.* 2701, § 270.

Process was endorsed as follows: "To the within named defendant.    Take notice, that J. Edward Hunter is the name of the person who prosecutes this action, and that the title of the statute on which this action is founded is 'An act respecting railroads and canals,' approved March 27th, A. D. 1874."

Section 38 of the statute, whose title is thus endorsed, is that cited above as *Gen. Stat., p.* 2673, § 149. The title of the

act of 1880 is not endorsed upon the process. Each of these statutes being essential to the plaintiff's right of action, the titles of both should have been endorsed. *Walcott* v. *Scahill,* 27 *Vroom* 221. The Practice act applies by reason of section 68 of the District Court act. *Pamph. L.* 1898, *p.* 382. Section 254 of the Practice act requires the endorsement of the title of the statute on which the action is founded, and section 33 of "An act concerning statutes" (*Gen. Stat., p.* 3195) requires that the word "statute" in the singular number be taken to mean "statutes." There was error, therefore, in the District Court in refusing the motions made on behalf of the defendant based upon this defect.

Upon the merits of the case, we also think that no right of action was shown in the court below. The stipulated facts are that a conductor of the company demanded and took from the plaintiff forty-five cents and gave in return a rebate check that entitled the plaintiff to receive back from the company, on demand, the ten cents excess fare, and entitled him to ride between Pompton Junction and 'Little Falls, a distance of ten miles, which token, by law, was good until used. This transaction is said to be in violation of the penal statute above cited, because the point from which the plaintiff desired to ride, and did in fact ride, was not Pompton Junction but Pompton, which was over nine miles but less than ten from Little Falls. It is claimed that the railroad company thereby violated the act of 1880, which prohibited it from charging more than three and a half cents per mile, which means, according to the plaintiff's contention, that a passenger may lawfully be charged only a proportionate part of three and a half cents for each fraction of a mile that he is actually transported. The act does not say so, and I do not think that a statute of this nature should be loosely construed in order to reach such a result; not only because the statute is a penal statute, but also because its evident purpose is regulative as to railroads and protective as to the public rather than to be oppressive as to one and simply sumptuary as to the other. In creating the situation which it penalizes, the statute dealt with it as a "per-mile" trans-

action, so that a passenger may not lawfully be charged three and a half cents for any mile that is not in whole or in part within the obligation of the carrier to transport him. But if he may be charged at all, he may, under this statute, be charged three and a half cents. The act does not mean that for any distance less than a mile the passenger is to be carried free, or that the carrier must subdivide the charge of three and a half cents in the exact ratio of the fractional portion of each mile of actual transportation. Our currency does not lend itself to such a minute subdivision.

That this precise adjustment of price to service rendered, which is what the plaintiff contends for, was not the legislative purpose is shown conclusively by the provision that "no charge shall be required to be less than ten cents," so that for the smallest fraction of a single mile of carriage that sum may lawfully be charged.

Upon the stipulated facts, we think that the defendant did not render itself liable to the penalty in question. The result reached renders it unnecessary to inquire whether the act of 1880 is an act conferring corporate powers, and hence special, a point upon which no opinion is expressed.

The defendant is entitled to a judgment that the plaintiff be nonsuited.