LEWIS M. YOUNG (CONNECTICUT ENGINEERING AND
   CONSTRUCTION COMPANY) *vs.* THE SHETUCKET COAL
   AND WOOD COMPANY.

Second Judicial District, Norwich, October Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A building contractor who has substantially completed his contract,
   may recover the contract price less reasonable deductions for
   unintentional variations or omissions.

If prevented by the owner from proceeding with the undertaking, the
   contractor may sue upon *quantum meruit* for the work done, or
   for damages for the owner's breach of the contract. In the latter
   case the rule of damages is, for the work done, such a proportion
   of the entire price as the fair cost of the work bears to the fair
   cost of the whole work; and in respect to the work not done, such
   profits as the contractor would have realized by doing it.

The plaintiff sought to recover for labor and materials used in building
   a coal-pocket for the defendant, and the real question in the case
   was whether the work was done under the written contract which
   the parties had entered into, as the defendant contended, or
   whether that contract had been rescinded during the progress of
   the work and a new one substituted for it, as the plaintiff claimed.
   The trial court found that the pocket was built under the original
   written agreement, and that the plaintiff, in complying with the
   requirements of the defendant's engineer with respect to certain
   features of the work, did so without protest or claim that these
   constituted extras, or that the original agreement was thereby
   terminated; and that the defendant did not expect, or have any
   reason to suppose, that the plaintiff would claim any additional
   compensation for carrying out these requirements. *Held:*—

1. That the evidence fairly supported the finding as made, which in
   turn justified the conclusion of the trial court that the original
   contract was not terminated or rescinded by the engineer's require-
   ments, but that these were accepted and acquiesced in by the
   plaintiff in order to secure the engineer's approval of his work, as
   required by the contract.

2. That the plaintiff was entitled to recover only the balance due under
   the contract and not for extras or upon a *quantum meruit.*

In his reasons of appeal addressed to a correction of the finding, an
   appellant is limited to those paragraphs of the finding which are
   referred to in his motion to correct.

Argued October 18th—decided December 23d, 1921.

ACTION to recover for services rendered and material furnished under a building contract, brought to and tried by the Superior Court in New London County, *Hinman, J.;* facts found and judgment rendered for plaintiff for $3,836, from which he appealed. *No error.*

*Jeremiah J. Desmond* and *Charles V. James,* for the appellant (plaintiff).

*Edmund W. Perkins,* for the appellee (defendant).

WHEELER, C. J. This action, brought under the common counts, was in fact tried upon the issue raised by the defendant's answer and plaintiff's amended reply.

The defense alleges that the parties had entered into an agreement to erect a coal-pocket, and that there was due under the contract $3,350, which defendant had duly tendered to plaintiff but he had refused to receive the same in payment, and that the defendant has ever since been, and still is, ready and willing to pay plaintiff this sum.

The reply admits the execution of the contract, and alleges that the plaintiff began work thereunder, but that before the work was, or could be, completed, the plaintiff, without fault on his part, was prevented by the defendant from completing the contract; and that thereafter plaintiff erected and completed the coal pocket, furnishing the labor and materials specified in his bill of particulars.

The case was tried upon the issue of whether or not the defendant did prevent the plaintiff from completing the contract and thus, by its act, rescinded the contract. Under the contract the plaintiff had agreed to erect a coal-pocket of a capacity of 1,500 tons, in accordance with certain plans and specifications, and

further had agreed that the whole of the work and materials, including the machinery and equipment, should be subject to the inspection, supervision and approval of a civil engineer of the defendant's selection. It appears from the finding that defendant's engineer notified plaintiff, at different times, that he would not approve the work unless the plans were so changed as to give a capacity of 1,500 tons of coal, and the structure strengthened as to the concrete and steel used; and, in order to make the hopper self-emptying, changes made in the pit and walls. The plaintiff might have refused to meet the engineer's demands, and, disregarding them, have substantially completed his contract; and unless his deviations, if any, from the contract were wilful, he might have recovered the contract price less such deductions as were reasonable for such deviations as were made. *Fagerholm* v. *Nielson,* 93 Conn. 380, 106 Atl. 333. If the facts, under the pleadings, justified the conclusion that the defendant, through its agent, the engineer, prevented the plaintiff from proceeding with the contract, he might have ceased work and sued, upon a *quantum meruit,* for the work done, or for damages for the breach of the contract. *Valente* v. *Weinberg,* 80 Conn. 134, 67 Atl. 369. The rule of damages for such breach of contract is that adopted by Judge Dixon in *Kehoe* v. *Rutherford,* 56 N. J. L. 23, 27 Atl. 912: When the plaintiff has been prevented from completing his work by the fault of the owner, the legal measure of damages is, generally, "for the work done, such a proportion of the entire price as the fair cost of the work bears to the fair cost of the whole work, and, in respect to the work not done, such profits as he would have realized by doing it." See, also, *Wilson* v. *Borden,* 68 N. J. L. 627, 54 Atl. 815; 3 Page on Contracts (1905 Ed.) § 1587. If the parties had agreed to treat the contract as rescinded, the contractor

might have sued, upon a *quantum meruit,* for the work already done.

The plaintiff's case proceeds upon the theory that the defendant, by preventing the plaintiff from proceeding with his contract, rescinded it, and thereupon the parties entered into a new contract. This position is directly antagonistic to the facts found. If they stand the plaintiff's case must fall.

The method of correcting the finding which the appellant has taken is that provided in General Statutes, § 5830. The appeal assigns as error the finding in twelve paragraphs which are not found in the motion to correct, and hence must be disregarded. As to twelve other paragraphs, eight were corrected by the court substantially as requested. Four other paragraphs the court refused to correct. These corrections are not important. The evidence fairly supports the finding as made, and this recites that the plaintiff agreed to increase the height of the coal-pocket so as to add to its capacity, without making protest or claim that the same was extra work, or that the contract had been terminated; it also recites that the defendant agreed that if the plaintiff did this, it would raise no further claim as to the capacity of the coal-pocket, and that the defendant did not agree to pay extra for the additional height and had no reason to expect that the plaintiff would claim compensation therefor in addition to the contract price. The defendant's engineer refused to approve the work unless the walls of the coal-pocket were strengthened, and this was done by the plaintiff.

The finding further recites: "The plaintiff acknowledged that the quantity of steel in the tie beams was inadequate, and expressed a willingness to increase the amount of steel in the structure, . . . and made no claim that steel placed in the structure in addition to

that called for in the original plans would be an extra." The finding also states that "in order to secure defendant's engineer's approval of the hopper, the plaintiff deepened the pit and increased the strength of the walls without requesting or demanding pay for the extra work."

These findings support the conclusions of the court that the contract was not terminated or rescinded through the insistence upon these changes, and that the plaintiff accepted and acquiesced in them in order to secure approval of the work of the defendant's engineer.

The plaintiff further claims that he is entitled to recover on a *quantum meruit*. His case was not tried upon that theory, perhaps because his own books show that he did not charge the items of expenses connected with these changes as extras. If these items were a proper charge, it would be difficult, if not impossible, upon this evidence to ascertain what they were. But had the case been tried upon a *quantum meruit*, the finding of the court must have required a judgment as to these items in favor of the defendant.

There is no error.

In this opinion the other judges concurred.