REED, Judge.
This appeal arises out of a suit for damages filed by the plaintiff-appellee, Hollywood Tile and Terrazzo Company, in the Court of Record for Broward County, Florida. The complaint alleged that the plaintiff performed a contract with the defendant, Fred Howland, Inc., under which the plaintiff was obligated to construct a terrazzo stairway and two terrazzo floors in a building which was being built by the defendant as a general contractor. The contract price for the plaintiff’s work was $4,-875.00 to which $187.50 had been added for an extra.
Shortly after the trial commenced, it became apparent that the plaintiff had not completed the performance of its contract as alleged in the complaint. By an informal amendment to the complaint, to which no objection was made, the issue actually tried was whether or not the plaintiff was entitled to recover on a quantum meruit basis for its work under the contract.
The case was tried without a jury. At the conclusion the trial court entered an order finding that the plaintiff was entitled to recover a money judgment in the amount of $3,697.50 to which was added an attorney’s fee[1] based on an express provision in the contract. A final judgment was then entered and, following the denial of a post trial motion for a new trial, the defendant filed this appeal assigning as error the entry of the final judgment for the plaintiff.
Although there is conflict in the evidence, it is our opinion that there is competent substantial evidence in the record from which the trial court could have concluded that the plaintiff was prevented from completely performing its contract by defects in forms, which under the terms of the contract the defendant was required to furnish in place. There was also competent substantial evidence in the record from which the trial court could have concluded that the reasonable value of the labor performed and the market value of the materials furnished was $3,697.50.
Where a party to a contract prevents full performance of that contract by the other party, the innocent party may recover damages on several theories. Where the performance prevented, as in this case, involves the furnishing of labor and materials under an express contract, the innocent party may elect to treat the contract as having been rescinded by the other party and seek recovery in the quantum meruit form for the labor and the materials furnished. See City of Chicago v. Tilley, 1881, 103 U.S. 146, 26 L.Ed. 371; Braswell v. Malone, 1955, 262 Ala. 323, 78 So.2d 631, 636; Young v. Shetucket Coal and Wood Co., 1921, 97 Conn. 92, 115 A. 672; Dankowski v. Cremona, Tex.Civ.App.1961, 352 S.W.2d 334; McCormick on Damages § 165, page 643; and Poinsettia Dairy Products, Inc. v. Wessel Co., 1936, 123 Fla. 120, 166 So. 306, 309, 104 A.L.R. 216.
Where such a recovery is warranted, the measure of the recovery is not the value of the labor and materials to the defendant, but it is the reasonable value of the labor performed and the market value of the materials furnished, Moore v. Spanish River Land Co., 1935, 118 Fla. 549, 159 So. 673.
We find no error in the application by the trial court of the foregoing principles to the facts of the present case. The recovery allowed by the trial court was less than the contract price for the total performance of the work; therefore, we do not decide by *702 this opinion whether or not, in a suit for a quantum meruit recovery, the damages are necessarily limited to the face amount of the contract.
We have considered the various arguments raised by the appellant with respect to the contract provisions, but do not consider them to be controlling here.
For the foregoing reasons, the judgment appealed from is affirmed.
CROSS, J., and OVERSTREET, MURRAY W., Associate Judge, concur.

. The appellant’s brief does not argue the propriety of the allowance by the trial court of an attorney’s fee; therefore, such is not decided by this opinion.