Leon R. SOELDNER and Carole S. Soeldner, his wife, Plaintiffs,

v.

WHITE METAL ROLLING AND STAMPING CORPORATION and Boston Old Colony Insurance Company, Defendants.

No. 76–C–565.

United States District Court,
E. D. Wisconsin.

July 23, 1979.

Schellinger & Doyle by James A. Baxter, Milwaukee, Wis., for plaintiffs.

Borgelt, Powell, Peterson & Frauen by Joseph D. McDevitt, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiffs have moved to alter the judgment in this case or, in the alternative, for a new trial.

The facts in this case are relatively simple. Leon Soeldner was injured while in the employ of Sears, Roebuck & Company. Specifically, he fell while using a ladder to

place a banner on the outside of a building. Subsequently, Mr. Soeldner filed for workman's compensation from his employer pursuant to Wisconsin law, § 102, Wis.Stats. Mr. Soeldner and his wife also filed the instant action against the manufacturer of the ladder involved in his accident, White Metal Rolling and Stamping Corp.

Since under Wisconsin law Mr. Soeldner's sole remedy against his employer lay in the workman's compensation process, Sears was not named as a defendant in this suit. *See State ex rel. Strykowski v. Wilkie,* 81 Wis.2d 491, 519, 261 N.W.2d 434 (1978). While Sears was not a party to this case, under Wisconsin law the jury was required to consider whether Sears' negligence was a cause of the plaintiffs' injuries, and if so, to what degree. *See Heldt v. Nicholson Mfg. Co.,* 72 Wis.2d 110, 240 N.W.2d 154 (1976); *Walker v. Kroger Grocery & Baking Co.,* 214 Wis. 519, 252 N.W. 721 (1934).

Following a three day trial, the jury apportioned causal negligence of the parties to this case, as well as that of Sears, as follows:

| | |
|---|---|
| White Metal Rolling and Stamping Corp. | 8% |
| Sears, Roebuck & Company | 60% |
| Leon R. Soeldner | 32% |

The jury also found that Leon Soeldner had been damaged in the amount of $28,123.07 and that his wife, Carole Soeldner, had been damaged in the amount of $1,000.

## I. MOTION TO ALTER JUDGMENT

A long series of Wisconsin supreme court decisions had established the rule that under Wisconsin's comparative negligence statute, § 895.045, Wis.Stats., a plaintiff's negligence was to be compared with that of each of the defendants on an individual basis. A plaintiff could not recover from any defendant whose negligence was less than the plaintiff's, even if the negligence of all tort-feasors exceeded that of the plaintiff. *See e. g., Soczka v. Rechner,* 73 Wis.2d 157, 242 N.W.2d 910 (1976); *Mariuzza v. Kenower,* 68 Wis.2d 321, 228 N.W.2d 702 (1975); *Walker v. Kroger Grocery & Baking Co.,* 214 Wis. 519, 252 N.W. 721 (1934). In light of these decisions and be-

cause the jury in this case found Leon Soeldner's negligence to exceed that of White Metal, on June 6, 1979, judgment was entered denying the plaintiffs all relief and dismissing the complaint.

The plaintiffs' motion to alter the judgment rests on the case of *May v. Skelley Oil Co.,* 83 Wis.2d 30, 264 N.W.2d 574 (1978). In *May,* the Wisconsin supreme court clearly stated its intention to change the rule regarding comparison of negligence in cases involving more than one tortfeasor:

"This case is one of many cases which have come before this court involving multiple party tortfeasors. May urges the Court to re-examine its interpretation of the comparative negligence statute. The majority of the court has become convinced that comparing the negligence of the individual plaintiff to that of each individual tortfeasor—rather than comparing the negligence of the individual plaintiff to that of the combined negligence of the several tortfeasors who have collectively contributed to plaintiff's injuries—leads to harsh and unfair results; the majority has further concluded that this rule of comparative negligence, a court-made doctrine, can be changed by court decision. However, in view of our holding that Indian Head is not negligent, the majority does not believe that the case at bar is the appropriate one in which to structure a change in the rule of comparative negligence in cases involving multiple defendants." Id. at 38–39, 264 N.W.2d at 578.

The parties have not cited, and I have not found, any decision subsequent to *May* which implements its terms.

The plaintiffs' motion to alter the judgment in this case raises two basic questions: 1) whether this court is obliged to follow the language of the Wisconsin supreme court in *May,* and 2) if *May* applies, how it should be applied to the facts in this case.

The defendants maintain that in light of the long history of cases holding that comparisons of negligence are to be made on an individual basis the dicta in *May* to the contrary should not be followed. The plain-

tiffs argue that *May* is the latest expression of the Wisconsin supreme court on the proper interpretation of Wisconsin's comparative negligence statute and, as such, must be followed by this court in a diversity case.

In *Erie Railroad Co. v. Tomkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938), the Court held that in diversity cases "the law to be applied in any case is the law of the State." In determining what the law of the state of Wisconsin is with regard to comparative negligence, this court is obliged to follow the latest expression in the area of the Wisconsin supreme court. *Gates Rubber Company v. USM Corp.,* 508 F.2d 603 (7th Cir. 1975); *Hartzler v. Chesapeake and Ohio Railway,* 433 F.2d 104 (7th Cir. 1970). Moreover, even where the Wisconsin supreme court's latest opinion in an area is expressed in dicta, this court is obliged to follow that interpretation as the substantive law of Wisconsin. *Hawks v. Hamill,* 288 U.S. 52, 59, 53 S.Ct. 240, 77 L.Ed. 610 (1933); *Hartzler v. Chesapeake and Ohio Railway Co.,* 433 F.2d 104, 107 (7th Cir. 1970). In *Yoder v. Nu-Enamel,* 117 F.2d 488, 489 (8th Cir. 1941), the court stated that

"[i]n the application of a state statute, the federal courts are, of course, bound by the construction made by the courts of the state. *Senn v. Tile Layers Union,* 301 U.S. 468, 57 S.Ct. 857, 81 L.Ed. 1229. And the obligation to accept local interpretation extends not merely to definitive decisions, but to considered dicta as well."

Since *May* is the most recent expression of the Wisconsin supreme court on the issue at bar, I deem it proper to apply it to this case. Having determined that the general rule announced in *May* should govern this case, the question arises of how that rule should be applied. The plaintiffs maintain that since the combined negligence of Sears and the defendant White Metal is greater than that of Leon Soeldner, *May* requires that the plaintiffs recover their entire damages minus that percentage for which Leon Soeldner was responsible. The plaintiffs' position is apparently based on

the general rule in Wisconsin that where there are joint tortfeasors, each defendant is individually liable for the full amount of the plaintiff's damages reduced by the percentage of causal negligence attributable to the plaintiff. *Caldwell v. Piggly Wiggly Madison Co.,* 32 Wis.2d 447, 145 N.W.2d 745 (1966).

The determination of how *May* applies to the instant case is clouded by the fact that *May* states only a general rule, without reference to its application to specific fact situations. Nonetheless, I believe that the policy underlying *May* provides at least a hint of how it should be applied to the case at bar. The court stated that its reason for changing its interpretation of the comparative negligence statute was to eliminate "harsh and unfair results." 83 Wis.2d at 38, 264 N.W.2d 574. I believe that the interpretation of *May* advanced by the plaintiffs would also be "harsh and unfair."

If the plaintiffs' position is adopted by the court, a party (White Metal) whose causal negligence was found to be only 8% would be liable for 68% of the plaintiffs' damages. While under the doctrine of joint and several liability negligent parties are often liable for a greater percentage of the damages than the percentage of causal negligence attributed to them, there are several reasons why the application of joint and several liability to cases like the instant one would be particularly unfair.

First, in most negligence cases, while a defendant may often be held responsible for more than its proportional share of damages, it then has a claim against the other negligent defendants for those damages which exceed its proportional share under the doctrine of contribution. *Bielski v. Schulze,* 16 Wis.2d 1, 114 N.W.2d 105 (1962). In the instant action and in others like it, such will not be the case. Under Wisconsin law, an employee's sole remedy against his employer in a case of this type is via the workman's compensation process. *State ex rel. Strykowski v. Wilkie,* 81 Wis.2d 491, 261 N.W.2d 434 (1978). In any case to which Wisconsin's workman's compensation law applies, a negligent third

party who is held liable for compensation to an injured employee, is precluded from requiring contribution from such employee's employer, even though the employer might be negligent to a far greater degree than the third party. *Wisconsin Power & Light Co. v. Dean,* 275 Wis. 236, 81 N.W.2d 486 (1957).

Second, placing disproportionate liability on the defendant in this case is unjustified since the plaintiffs may well have been compensated already for much of the damage for which the defendants would be liable. The state legislature has provided a mechanism by which employees may recover against their employers for accidents occurring in the work place. While the legislature explicitly provided for separate actions against third parties in workman's compensation cases, § 102.29, Wis.Stats., the purpose of such suits can be fully realized if third parties are liable to the extent they are causally negligent. Liability beyond this proportion is particularly unfair where a plaintiff is more responsible for the injury than is the defendant, and the plaintiff has already received compensation for that injury.

Finally, the application of joint and several liability to a case such as this could lead to the misallocation of legal and judicial resources. Joint and several liability would encourage the filing of marginal cases against third party defendants whose negligence is questionable or minimal, since such defendants would be liable not only for their own negligence but for that of the employer as well. Holding such defendants liable only to the extent they themselves are negligent will allow such defendants to be held accountable to the extent they have caused injuries, without encouraging litigation brought primarily to recover for injuries caused by negligent employers.

█ For these reasons, I believe that in a case like this the Wisconsin supreme court following *May* would hold the defendant White Metal responsible for 8% of the plaintiffs' damages—the extent that White Metal was found to be causally negligent. This holding is limited to those instances in which a plaintiff has a separate remedy against his employer via the workman's compensation process.

A similar conclusion was reached by a writer commenting on the application of *May* to cases similar to the one at bar:

"Under a combined comparison rule, if a jury returns a verdict which reads: plaintiff 10%, employer 85% and manufacturer 5%, the plaintiff would be able to combine the negligence of the employer with the negligence of the manufacturer to establish the manufacturer's liability. Once liability was so established, plaintiff could then rely on joint and several liability to recover the full 90% of his damages. This, of course, seems grossly unfair to the manufacturer. To add salt to the wounds, the manufacturer would be unable to seek contribution from the employer and might in fact have to reimburse the employer for any worker's compensation benefits already paid or payable to the plaintiff. A combined comparison rule, applied in the absence of changes in the rules of joint and several liability, would allow the burden of the negligent employer to be cast upon a party less negligent than the plaintiff. Although a form of this problem predated *May,* this example best exemplifies the heightened unfairness of the *May* rule which was nominally adopted to prevent 'harsh and unfair results.' This unfairness could be rectified by altering the rules of joint and several liability as previously discussed. Namely, if the manufacturer were liable for only that percentage of causal negligence attributed to it, it would lack any grounds for complaint. In essence the manufacturer would only be liable for the damage it in fact caused. Such a result is in accord with the underpinnings of comparative negligence." Note, Change of the Wisconsin Comparative Negligence Statute in Multi-Defendant Suits: *May v. Skell[e]y Oil Co.,* 62 Marq.L.Rev. 205, 258–59 (1978).

Accordingly, the judgment in this case will be altered so that the plaintiffs will

recover 8% of their damages. White Metal will be liable to Leon Soeldner for $2,249.85 and to Carole Soeldner for $80. Since I have granted the plaintiffs' motion to alter the judgment, I need not consider their alternative motion for a new trial at this time.

Therefore, IT IS ORDERED that the plaintiffs' motion to alter the judgment in this case be and hereby is granted.

IT IS ALSO ORDERED that the judgment in this case be altered to read that the plaintiff Leon Soeldner recovers from the defendants $2,249.85, and the plaintiff Carole Soeldner recovers from the defendants $80.