171 N.J. Super. 579 (1980)
410 A.2d 278
FRANK NORA AND BONITA NORA, HIS WIFE, PLAINTIFFS,
v.
TOWNSHIP OF LIVINGSTON, DEFENDANT, AND PUBLIC SERVICE ELECTRIC AND GAS COMPANY, DEFENDANT-APPELLANT, AND SHERIDAN & SON, INC., DEFENDANT, AND COUNTY OF ESSEX, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 8, 1980.
Decided January 16, 1980.
*580 Before Judges FRITZ, KOLE and LANE.
William S. Smith, attorney for appellant (Henry L. SanGiacomo, of counsel).
Peter J. Stewart, attorney for respondent (Peter W. Rodino, III, on the brief).
*581 PER CURIAM.
Presented by this appeal is whether a joint tort-feasor whose negligence exceeds that of plaintiff is entitled to contribution from another joint tortfeasor whose negligence is less than plaintiff's. We conclude that there can be no contribution from a party not legally liable to the person injured.
In his complaint plaintiff Frank Nora alleged that on August 13, 1975 he was injured when his motorcycle was upended when it hit a depression in the roadway. The jury returned a verdict of $6,000 against defendants Public Service and County of Essex, apportioning the negligence as follows: Public Service, 48%; plaintiff, 35%; and County of Essex, 17%. The trial judge molded the verdict so that Public Service would pay 48% and the County of Essex, 17% of the judgment. Subsequently plaintiffs moved "to determine the effect of the jury verdict against the respective defendants," complaining that the County of Essex had refused to pay its share on the ground that plaintiff's negligence exceeded that of the County of Essex. The trial judge ruled that Public Service should pay the entire judgment of $6,000, minus a deduction of 35% for plaintiff's contributory negligence. Public Service then moved for an order compelling the County of Essex to contribute its 17% share of the judgment, the full amount of which Public Service had already paid plaintiffs. The motion was denied, resulting in the instant appeal.
The Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et seq., creates the right of contribution among parties adjudicated liable in tort. The right arises:
Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share; but no person shall be entitled to recover contribution under this act from any person entitled *582 to be indemnified by him in respect to the liability for which the contribution is sought. [N.J.S.A. 2A:53A-3]
Here Public Service's "pro rata share" is determinable only after giving effect to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq. N.J.S.A. 2A:15-5.1 bars a negligent plaintiff from recovering against a defendant whose negligence, as computed by the jury, is less than plaintiff's. Since plaintiff's negligence (35%) exceeded that of the County of Essex (17%), plaintiffs herein could recover only against Public Service and in an amount reflecting a deduction for their 35% contributory negligence ($2,100), or a total of $3,900 ($6,000 minus $2,100). That Public Service was not the only negligent defendant does not preclude plaintiffs from recovering the full $3,900 from it. N.J.S.A. 2A:15-5.3 provides in part that the "party so recovering, may recover the full amount of the molded verdict from any party against whom such recovering party is not barred from recovery." That section further permits any party forced to pay more than its share of the molded verdict to "seek contribution from the other joint tortfeasors." Where, as here, the alleged joint tortfeasor is a public entity, cognate provisions of the Tort Claims Act, N.J.S.A. 59:1-1 et seq., apply to the same effect. N.J.S.A. 59:9-3; N.J.S.A. 59:9-4. N.J.S.A. 59:9-3(a) requires a public entity-joint tortfeasor "to contribute to a joint tortfeasor only to the extent of the recovery provided for under this act," referring to the limitations listed in N.J.S.A. 59:9-2 (not relevant here).
The crucial question, therefore, is whether a negligent defendant from whom plaintiff may not recover by reason of comparative negligence can be deemed a "joint tortfeasor" such as to trigger another tortfeasor's contribution rights.
There are two prerequisites to the right of contribution among negligent parties: (1) common liability because of such negligence and (2) the party claiming contribution paid more than its share of the common liability. Neveroski v. Blair, 141 *583 N.J. Super. 365, 385-386 (App.Div. 1976); Markey v. Skog, 129 N.J. Super. 192, 200 (Law Div. 1974). Public Service's argument is premised upon the equivalence of negligence and liability. But there is a real distinction between them:
... The essence of the doctrine of contribution, by the New Jersey and majority view, is a common obligation to the person injured by the common tortious conduct. Fault alone is not enough; there must be a joint liability to respond to the injured person in damages for the consequences of the default [citations omitted]. [Zotta v. Otis Elevator Co., 64 N.J. Super. 344, 348-349 (App.Div. 1960)]
Accord, Neveroski v. Blair, supra, 141 N.J. Super. at 385; Farren v. N.J. Turnpike Auth., 31 N.J. Super. 356, 362 (App.Div. 1954); Arcell v. Ashland Chemical Co., Inc., 152 N.J. Super. 471, 483-484 (Law Div. 1977). In Spitzack v. Schumacher, 308 Minn. 143, 241 N.W.2d 641 (Sup.Ct. 1976), a jury in a prior action had found plaintiffs' decedent 95% negligent and another driver, 5% negligent and thus not liable. Plaintiffs then sued a tavern owner for the negligent sale of liquor to their decedent, and the owner sought contribution from the driver previously found to have been 5% negligent. The Supreme Court upheld the trial court's dismissal of the complaint for contribution, citing the rule that
... a valid judicial determination on the merits that a defendant never was liable to a plaintiff negates the element of common liability and thereby immunizes that defendant from any subsequent action for contribution arising out of the same facts. [241 N.W.2d at 644]
The court rejected the underlying premise of Public Service's argument:
Appellant also argues that it is entitled to contribution since respondents have been found to be "5 percent liable." However, respondents were not found to be "5 percent liable," but were found to be 5 percent negligent and not liable at all. *584 It is well established that it is joint liability, rather than joint or concurring negligence, which determines the right of contribution. [Id. 241 N.W.2d at 645 n. 2]
The application of the foregoing principles to adjudications under comparative-negligence laws although not confirmed in any case to which our attention has been directed has been assumed by two commentators. See Iavicoli, No Fault & Comparative Negligence in New Jersey, 178 (1973), and Heft and Heft, Comparative Negligence Manual, § 1.350 at 57 (1978).
On the question of common liability we note that Essex County does not meet the definition of "joint tortfeasor" under the Joint Tortfeasors Contribution Law:
For the purpose of this act the term "joint tortfeasors" means two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them.... [N.J.S.A. 2A:53A-1]
The county was found not liable to plaintiffs for the same injury for which Public Service was found liable. Thus there was no "joint tortfeasor" from which Public Service could claim contribution.
Affirmed.