173 N.J. Super. 280 (1980)
414 A.2d 265
LLOYD K. VAN HORN, PLAINTIFF-APPELLANT,
v.
WILLIAM BLANCHARD COMPANY, AGREE CONSTRUCTION COMPANY, EPIC CONSTRUCTION COMPANY, CHARLES C. HULL, INDIVIDUALLY AND/OR AS AGENT, SERVANT AND/OR EMPLOYEE OF EPIC CONSTRUCTION COMPANY AND JOHN DOE (BEING FICTITIOUS NAMES) INDIVIDUALLY AND/OR AS AGENTS, SERVANTS AND/OR EMPLOYEES OF WILLIAM BLANCHARD CO., AGREE CONSTRUCTION CO., EPIC CONSTRUCTION CO. OR OTHER UNKNOWN COMPANIES, INDIVIDUALLY, JOINTLY, SEVERALLY AND/OR IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 4, 1980.
Decided April 3, 1980.
*281 Before Judges LORA, ANTELL and PRESSLER.
Laurence P. Bafundo argued the cause for appellant (Friedman and Tighe, P.A. attorneys).
Stephen G. Sweet argued the cause for respondents (Methfessel & Werbel, attorneys).
PER CURIAM.
Following a jury verdict finding plaintiff 50% negligent and defendants negligent as follows: William Blanchard Company  30%, Epic Construction Company  20%, and Charles C. Hull  0% or not negligent, the trial judge molded the verdict and entered a judgment against plaintiff of no cause of action pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq. Thereafter, plaintiff brought a belated motion, properly viewed by the trial judge as a motion to alter or amend a judgment under R. 4:49-2, seeking a recovery because his negligence was not greater than the combined negligence of the defendants. The trial judge denied the motion both as being untimely made and on the ground that the jury's allocation of negligence precluded any recovery under our law of comparative negligence.
The basic issue on appeal is then whether in determining liability under our Comparative Negligence Act, a plaintiff's *282 degree of negligence is to be measured against the combined negligence of all defendants rather than against that of each individual defendant.
Preliminarily, we agree with the trial judge that plaintiff's motion was one to alter or amend a judgment, and that it was mandatory that the motion be brought within ten days after entry of judgment. R. 4:49-2; R. 1:3-4(c). Since plaintiff's motion was made some 26 days after judgment, it was indeed untimely made.
However, be that as it may, we have chosen to consider plaintiff's appeal on the merits. N.J.S.A. 2A:15-5.1 provides:
Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property, if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages sustained shall be diminished by the percentage sustained of negligence attributable to the person recovering.
The language of the statute makes it clear that plaintiff's degree of negligence must be measured against that of each individual defendant, not the combined negligence of all defendants. It comports with the Wisconsin statute and that state's judicial interpretations thereof, which New Jersey has adopted. Cartel Capital Corp. v. Fireco of New Jersey, 161 N.J. Super. 301, 310 (App.Div. 1978), rev'd on other grounds 81 N.J. 548 (1980); Rawson v. Lohsen, 145 N.J. Super. 71, 75-77 (Law Div. 1976).
In Nora v. Livingston Tp., 171 N.J. Super. 579 (App.Div. 1980), where in an action for personal injuries defendant gas company was found 48% negligent, defendant county 17% negligent and plaintiff 35% negligent, the gas company moved for an order compelling the defendant county to contribute its 17% share of the judgment. The trial judge denied the motion and the gas company appealed. Accordingly, we were presented with the question whether a joint tortfeasor whose negligence exceeds *283 that of plaintiff is entitled to contribution from another joint tortfeasor whose negligence is less than plaintiff's. We concluded that there can be no contribution from a party not legally liable to the person injured, basing our conclusion on the fact that the Comparative Negligence Act bars a negligent plaintiff from recovering against a defendant whose negligence, as computed by the jury, is less than plaintiff's. In view of our ruling, we further held that the county, whose negligence was less than plaintiff's negligence and less than that of the gas company whose negligence exceeded plaintiff's negligence, was not a "joint tortfeasor" for purposes of contribution and hence the gas company was not entitled to contribution from the county but was required to pay the entire judgment minus a deduction for plaintiff's contributory negligence. N.J.S.A. 2A:53A-1 et seq., N.J.S.A. 59:1-1 et seq. See also Iavicoli, No Fault & Comparative Negligence in New Jersey, § 81 at 178 (1973).
Plaintiff asserts that the Wisconsin Supreme Court has reexamined its interpretation of the Wisconsin comparative negligence statute and has indicated that a majority of that court has become convinced that comparing the negligence of the individual plaintiff to that of each individual tortfeasor  rather than comparing the negligence of the individual plaintiff to that of the combined negligence of the several tortfeasors who have collectively contributed to plaintiff's injuries  leads to harsh and unfair results; that the majority has further concluded that this rule of comparative negligence, a court-made doctrine, can be changed by court decision, and that in an appropriate case in which to structure a change in the rule of comparative negligence in cases involving multiple defendants, it will do so. May v. Skelley Oil Co., 83 Wis.2d 30, 264 N.W.2d 574 (1978); Soeldner v. White Metal Rolling and Stamping Corp., 473 F. Supp. 753 (E.D.Wis. 1979).
We are of the view, however, that it is for the Legislature to consider whether there is an inequity in the present law and *284 whether the change advocated by appellant should be adopted. Cf. Vincent v. Pabst Brewing Co., 47 Wis.2d 120, 177 N.W.2d 513 (Sup.Ct. 1970).
Affirmed.
PRESSLER, J.A.D. (dissenting).
I am constrained to dissent from my colleagues' interpretation of the comparative negligence statute.
N.J.S.A. 2A:15-5.1 permits a plaintiff who is himself negligent to recover a pro rata portion of his damages provided only that his negligence is not greater than the negligence "of the person against whom recovery is sought." The question then is whether by its singular reference to "the person," the Legislature intended, in a multiple defendant case, that the plaintiff recover against only those, if any, of the joint tortfeasors whose individual percentage of negligence is less than his. Alternatively articulated, does the statute bar any recovery by a plaintiff whose percentage of negligence is less than the combined percentages of all defendants but still greater than the individual percentage allocated to each of them? The majority concludes that this question must be answered affirmatively. I disagree. It is my view that in its use of the phrase "the person against whom recovery is sought" the Legislature intended to refer to the tortfeasor concept in its collective and adjectival sense; that it intended to refer to the consequences of a single and unitary tort irrespective of the number of joint tortfeasors, and that, irrespective of the number of joint tortfeasors, it intended to make a proportionate recovery available to a plaintiff whose own negligence does not amount to more than a 50% contribution to the occurrence of the ultimate tort.
I am first satisfied that a mechanical resolution of the issue dependent exclusively upon grammatical parsing is inappropriate. It is a legislatively codified canon of statutory construction that use of the singular ordinarily denotes inclusion of the plural as well. Thus, it is expressly provided by N.J.S.A. 1:1-2 that "Whenever, in describing or referring to any person ... any word importing the singular number ... is used, the *285 same shall be understood to include and to apply to several persons or parties as well...." And see Glassboro v. Patrolmen's Benev. Ass'n 178, 149 N.J. Super. 254 (App.Div. 1977); Hunter v. Erie Railroad Co., 70 N.J.L. 101 (Sup.Ct. 1903).
It is nevertheless the view of the majority that in this statute the Legislature indeed intended that its singular usage should exclude the plural. Hence the majority reads the statutory phrase "the person" as if it were actually "any person." Since, however, the Legislature did not choose to employ the phrase "any person," which would clearly have suggested an exclusively singular connotation, I do not believe that a singular connotation is compelled  at least by the language of the statute. And if, as I believe, the statutory verbiage is inconclusive as to legislative intent, the dispositive factor in determining legislative intent must be the public policy sought to be effected by the act.
The legislative intent in enacting the Comparative Negligence Act is, moreover, straightforward and uncomplicated. It is simply to relieve a plaintiff in a negligence action from the harshness of the common law doctrine of contributory negligence which barred him from any recovery even where his own contributing fault was relatively insubstantial. Thus, I believe that what the Legislature intended is precisely what it said it intended, namely, to bar a plaintiff from recovery because of his contributing fault only to the extent of that contribution, and provided only that he did not himself bear more than equal fault for his injury. If the remedial focus is placed, as I believe it was intended to be placed, on the situation of the plaintiff, I fail to perceive how his position is affected by the number of persons whose negligence may have combined with his own to produce his injury. The only ultimately significant inquiry in my view is whether plaintiff's percentage of contribution is more than 50%, and I do not believe that that inquiry changes, should change, or was intended by the Legislature to change if there are multiple defendants. Thus, I do not think, for example, that the Legislature *286 intended that a 40% negligent plaintiff might recover against a 60% negligent defendant but that recovery would be denied to a 25% negligent plaintiff who has been injured by the combined negligence of five tortfeasors, each of whom was 15% negligent. Such anomalous results are in my view as illogical and unfair as they are unintended.
There are other potential anomalies implicit in the majority's approach. As a simple self-evident logical proposition, it is clear that the more parties there are to share the blame, the less is the blame attributable to each. There is nothing in considerations of common sense, public policy, logic or statutory construction which, as I have indicated, ought to make the right of a plaintiff whose own percentage of negligence is constant and not over 50% dependent upon the number of others who share the remainder of the blame. More significantly, I would be loathe to endorse a statutory construction which placed a premium on a plaintiff's decision to forego joining all who may be liable to him in fear that if the balance of the blame is spread too thinly, he may recover nothing at all. Such a deterrent to full, complete and single litigation would constitute, in my view, an unfortunate procedural as well as substantive regression.
I am, on the other hand, convinced that requiring a defendant less negligent than the plaintiff to respond to the plaintiff in damages is, in view of the remedial purpose of the act, an anomaly more apparent than real and more linguistic than substantive. Under the unalleviated common-law doctrine of joint and several responsibility, each tortfeasor was obliged, if judgment were recovered against him, to respond to plaintiff in the full amount of plaintiff's loss even if there were a multiplicity of other unused tortfeasors, each of whom was more negligent than he. The Joint Tortfeasor's Contribution Law, N.J.S.A. 2A:53A-1, et seq., modified that doctrine by providing for a pro rata obligation of joint tortfeasors among themselves. Thus, illustratively, if one adjudicated joint tortfeasor were *287 actually 95% negligent and the other only 5% negligent, the former would nevertheless be entitled to a full 50% contribution from the latter since the fact that a joint tortfeasor's actual negligence might be but a small contributing factor would not make him any the less a tortfeasor subject to the full pro rata consequence of that status. See, generally, Kennedy v. Camp, 14 N.J. 390, 398 (1954). The effect of the Comparative Negligence Act is, in this context, to limit the financial responsibility of the 5% tortfeasor to 5% of the total verdict, provided only that plaintiff, by reason of the not more than 50% contribution of his own negligence, is entitled to recover at all. See N.J.S.A. 2A:15-5.3. Thus, as I construe the Comparative Negligence Act, all parties, both plaintiffs and defendants, are ultimately treated more fairly and more realistically since their rights and obligations are determined in accordance with their actual degree of fault.
In applying the Comparative Negligence Act I would mold the ultimate verdict as required by N.J.S.A. 2A:15-15.2 by way of a two-step procedure rather than the one-step procedure implicit in the majority's view. That is to say, in the multiple defendant case, the majority would simply compare plaintiff's percentage of negligence with that of each defendant and permit plaintiff to recover that percentage of the total verdict which is equal to the percentage of negligence of each, if any, of the defendants whose negligence percentage exceeds plaintiff's. I would first determine if plaintiff is entitled to recover at all by reference to plaintiff's percentage of negligence alone and would permit him to recover if that percentage were not greater than 50%. I would then require all defendants found to be negligent in any percentage at all to contribute to the actual recovery to which plaintiff would be entitled in an amount equal to his own percentage multiplied by the total verdict. Applying this reasoning to the facts here, I would charge defendant William Blanchard Company with 30% of the total verdict and Epic *288 Construction Company with 20% of the total verdict, permitting the 50% negligent plaintiff a recovery of 50% of the total verdict.
I am aware that in construing N.J.S.A. 2A:15-15.1 as I do I am disagreeing not only with the construction thereof by the majority in this case but with the prior holdings of this court in Cartel Capital Corp. v. Fireco of New Jersey, 161 N.J. Super. 301, 310 (App.Div. 1978), rev'd on other grounds 81 N.J. 548 (1980)[1] and Nora v. Livingston Tp., 171 N.J. Super. 579 (App.Div. 1980), as well as the earlier trial court holding in Rawson v. Lohsen, 145 N.J. Super. 71, 75-77 (Law.Div. 1976). These decisions, however, appear to me to be bottomed not on considerations of public policy and logic but rather primarily on the fact that the Wisconsin courts have construed the similarly worded comparative negligence statute of that state as requiring the comparing of plaintiff's percentage of negligence with that of each defendant rather than comparing plaintiff's with the combined percentage of defendants. Not only am I unimpressed with that reasoning by the Wisconsin courts but I note that the Wisconsin Supreme Court itself has begun seriously to question the soundness of that interpretation. See May v. Skelley Oil Co., 83 Wis.2d 30, 264 N.W.2d 574 (Sup.Ct. 1978). And see Soeldner v. White Metal Rolling and Stamping Corp., 473 F. Supp. 753 (E.D.Wis. 1979). Furthermore, two jurisdictions, Massachusetts and Arkansas, whose comparative negligence statutes are, like ours, expressed in the singular, have rejected the Wisconsin interpretation and have construed their statutes as authorizing aggregation of the percentage of negligence of all defendants. See, respectively, Graci v. Damon, 374 N.E.2d 311 (Mass.Ct.App. 1978), aff'd 383 N.E.2d 842 (Mass.Sup.Ct. 1978), and Riddell v. *289 Little, 253 Ark. 686, 488 S.W.2d 34 (Sup.Ct. 1972).[2] Of those states apparently still retaining statutory verbiage in the singular form, only Minnesota has elected to follow the original Wisconsin view. See Marier v. Memorial Rescue Service, Inc., 296 Minn. 242, 207 N.W.2d 706 (Sup.Ct. 1973).[3]
In short, it is my view that the Legislature in its enactment of N.J.S.A. 2A:15-15.1 expressly and directly addressed itself only to the single defendant action. Determination of legislative intention in respect of the multiple defendant action requires, therefore, extrapolation from statutory content considered in the light of the overall legislative objective. For the reasons herein set forth, I am satisfied that combination of defendant percentages in order to determine plaintiff's right to recover is the construction of the statute most consonant with that objective.
I would reverse.
NOTES
[1] The Supreme Court never reached this issue in Cartel Capital, having found plaintiff as a matter of law not to have been chargeable with negligence at all.
[2] Both of these jurisdictions have subsequently amended their comparative negligence statutes to provide expressly for aggregation. See Mass. Gen. Laws Ann., c. 231, § 85; Ark.Stats.Ann. § 27-1764, § 27-1765.
[3] The following states which have statutory language in the singular have not yet passed on the issue of aggregation: Colorado (Colo. Rev. Stat. Ann. § 13-21-111); Idaho (Idaho Code § 6-801); Mississippi (Miss. Code Ann. § 11-7-15); Montana (Mont.Rev.Codes Ann. § 27-1-702); Nebraska (Neb. Rev. Stat. § 25-1151); New Hampshire (N.H. Rev. Stat. Ann. § 507:7-a); North Dakota (N.D. Cent. Code § 9-10-07); South Dakota (S.D. Compiled Laws Ann. § 20-9-2); Utah (Utah Code Ann. § 78-27-37); Washington (Wash. Rev. Code Ann. § 4.22.010) and Wyoming (Wyo. Stat. § 1-1-109(a)). The following statutes, in addition to the amended statutes of Arkansas and Massachusetts, specifically authorize aggregation: Conn. Gen. Stat. Ann. § 52-572h; Haw. Rev. Stat. § 633-31; Kan.Stat. 60-258a; Me.Rev.Stat. tit. 14, § 156; Nev.Rev.Stat. § 41.141; Okl.Stat.Ann. tit. 23, § 13; Or. Rev. Stat. § 18.470; Pa. Cons. Stat. Ann. tit. 42, § 7102; Tex.Civ.Code Ann. art. 2212a and Vt. Stat. Ann. tit. 12, § 1036.