[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Three cases have been consolidated for trial.
In Case No. CV98-041-53-14, Pierpont Electric, Inc. (Pierpont) is the plaintiff and Morelite Development Construction Corporation (Morelite) and The Liberty Realty Associates (Liberty) are the defendants.
The complaint consists of three counts. The first count alleges a breach of contract as to Morelite; the second count alleges violation of the Connecticut Unfair Trade Practices Act [§ 42-110, et seq.] as to Morelite; the third count alleges "unjust enrichment/quantum meruit" as to Liberty.
Morelite and Liberty have filed their answers to each count and a counterclaim in four counts.
Under the first count of the counterclaim, Morelite alleges breach of contract; under the second count of the counterclaim, Morelite and Liberty, allege violation of CUTPA § 42-110, et seq.; under the third CT Page 7337 count of the counterclaim, Morelite and Liberty allege violation of §52-564; and under the fourth count of the counterclaim, Morelite and Liberty allege unjust enrichment.
In Case No. CV99-042-82-01, Pierpont Electric, Inc. (Pierpont) is the plaintiff and The Liberty Realty Associates (Liberty), Electrical Wholesalers, Inc. (Electrical), New Haven Windustrial Co. (Windustrial), and Mac-Gray Service, Inc. (Mac-Gray) are the defendants.
In this action Pierpont seeks to foreclose its mechanic's lien. Defendants Electrical, Windustrial and Mac-Gray have been defaulted. Liberty has filed an answer, three special defenses and a counterclaim consisting of four counts. Under the first count of the counterclaim, Liberty alleges a breach of contract; under the second count of the counterclaim, Liberty alleges violation of CUTPA § 42-110 et seq.; under the third count of the counterclaim, Liberty alleges violation of § 52-564; and under the fourth count of the counterclaim, Liberty alleges unjust enrichment.
In Case No. CV98-041-51-32, Morelite Development Construction Corporation (Morelite) is the plaintiff and Pierpont Electric, Inc. (Pierpont) is the defendant.
In this action Morelite has filed a complaint with four counts. Under the first count, Morelite alleges breach of contract; under the second count it alleges violation of CUTPA § 42-110 et seq.; under the third count, it alleges violation of § 52-564; under the fourth count, it alleges unjust enrichment.
On August 13, 1997, Pierpont and Morelite entered into a written design/build contract. Pursuant to the terms of the contract, Pierpont agreed to provide electrical design and installation services for the original contract price of $442,000 with respect to a project known as The Liberty Building located at 152 Temple Street in New Haven. In accordance with the terms of the contract, Morelite agreed to act in the capacity of a general contractor, contractor or construction manager.
After the contract was signed, Pierpont started work in August, 1997.
On March 24, 1998, Pierpont stopped working at the site; when Pierpont left the site it had not completed the work under the contract. Pierpont sent written notice, dated March 24, 1998, to the office of the New Haven Building inspector to cancel the electrical permit issued to it for the work to be done under the contract due to non-licensed workers performing electrical work in the temporary lighting system; it also notified the building inspector that it was removing its men from the site due to CT Page 7338 safety violations.
After Pierpont left the job, Morelite requested Pierpont to meet on the site with the new electrical contractor hired by Morelite to finish the job. Pierpont complied with that request; it met with the new contractor on the site and reviewed the plans, prints, and the work it had done.
 File No. CV98-041-51-32
Under the first count, Morelite alleges that Pierpont has breached the contract in six ways. Said count fails to allege that Morelite has sustained damages as a result of defendant breaches and the nature and extent of those damages. Accordingly, judgment is entered for Pierpont under the first count.
Under the second count, plaintiff alleges that defendant has violated CUTPA and that plaintiff has suffered an ascertainable loss.
In accordance with the terms of the contract, defendant is required to submit monthly requisitions in order to receive interim payments. Defendant has filed requisitions for payment in which it certified that all amounts have been paid by it for work for which previous certificates for payment were issued and payments received. Plaintiff has paid defendant for requisitions for the periods ending November 30, 1997, December 30, 1997, January 21, 1997 (sic; typographical error; correct date is January 21, 1998) and February 23, 1998.
After plaintiff paid defendant under the requisition of February 23, 1998, defendant informed plaintiff that it had not paid Electrical Wholesalers, one of its vendors, as he had certified in the requisition.
When defendant filed its last requisition dated March 23, 1998, defendant informed plaintiff that it owed Electrical Wholesalers $62,666.63.
On May 26, 1998, Electrical Wholesalers filed a mechanic's lien on 152 Temple Street in the amount of $62,666.63.
Plaintiff refused to pay the requisition dated March 23, 1998.
Defendant's certifications are not true and did mislead plaintiff.
Plaintiff has suffered an ascertainable loss of $62,666.63.
Defendant's conduct did violate CUTPA. Willow Springs Condominium Assn.v. Seventh BRT Dev. Corp., 245 Conn. 1. CT Page 7339
Defendant's conduct, however, was not done with the intent to wrongfully take property from the plaintiff. Rather its conduct reflects a lack of management skills.
Plaintiff's claims for reasonable attorney's fees is granted. A hearing will be scheduled to determine reasonable attorney's fees.
Under the second count, judgment is entered for plaintiff in the amount of $62,666.63 plus interest and reasonable attorney's fees.
Under the third count, plaintiff alleges the allegations of paragraphs 1 through 8 of the second count and, on that basis alleges a violation of C.G.S. § 52-564.
Plaintiff has failed to prove, even by a fair preponderance of the evidence, that defendant intended to deprive another person of property.Suarez-Negrete v. Trotta, 47 Conn. App. 517, 520, 521.
Accordingly, judgment is entered for defendant on the third count.
Under the fourth count, plaintiff alleges paragraphs 1 through 4 of the first count and paragraphs 4 through 8 of the second count, and, on that basis, alleges that defendant has been unjustly enriched.
There exists an enforceable contract at law between the parties. Therefore, the equitable remedy of unjust enrichment is not available to the plaintiff. Polverari v. Platt, 29 Conn. App. 191, 199, 200.
Accordingly, judgment is entered for the defendant under the fourth count.
 File No. V99-042-82-01
In this action, Pierpont seeks to foreclose a mechanic's lien which it has filed on June 18, 1998 in the amount of $35,301.50 on property known as 152 Temple Street in New Haven.
Liberty, the only remaining defendant, acquired 152 Temple Street in July 18, 1997.
Pierpont has failed to prove that it has paid in full its vendor, Electrical Wholesalers.
As the court has found Pierpont has made misrepresentations in its requisitions which Morelite has paid. Pierpont admits that its vendor, Electrical Wholesalers, has not been paid. Based on these facts, CT Page 7340 plaintiff is not entitled to file a lien pursuant to paragraph 7.8.4 of the Contract.
Also, based on those misrepresentations, Pierpont comes into court with unclean hands and it is not entitled to a foreclosure. Bauer v. WasteManagement of Connecticut. Inc., 239 Conn. 515, 525.
In its counterclaim, Liberty alleges in four counts the same issues raised by Morelite in its four count complaint.
Under the first count of Liberty's counterclaim, judgment is entered for Pierpont for the reasons hereinbefore stated.
Under the second count of Liberty's counterclaim, judgment is entered for Liberty in the amount of $62,666. plus interest and reasonable attorney's fees to be determined at a later hearing. Satisfaction of the judgment under this count or the second count in favor of Morelite shall be satisfaction of both judgments.
Under the third count, judgment is rendered for Pierpont, for the reasons hereinbefore stated.
Under the fourth count, judgment is rendered for Liberty in the amount of $63,666. plus interest for the reasons that there is no enforceable contract between Liberty and Pierpont and Pierpont has received payment based on its misrepresentation. Satisfaction of judgment under the second count in favor of Liberty or the satisfaction of the second count in favor of Morelite shall be satisfaction of the judgment hereunder.
 File No. CV98-041-53-14
Under the first count, Pierpont claims that Morelite has breached the contract and thereby caused damage to Pierpont in that Morelite has not paid $31,010.50 pursuant to Requisition 9 dated March 23, 1998 and it has not paid retainage in the amount of $27,922.20 through Requisition dated February 21, 1998 and Pierpont has lost the financial benefit of completing its contract work.
Morelite has breached the Contract in several ways.
Between August, 1997 and March 1998, while Pierpont was performing work under the Contract, Morelite used unlicensed workers to do electrical work which fell within the terms of the Contract.
As general contractor, Morelite failed to reasonably coordinate the work of subcontractors on the job. CT Page 7341
As general contractor, Morelite allowed holes in floors to be inadequately covered and cordoned off thereby exposing Pierpont's workers, and others on the site, to risk of injury.
Although Morelite has breached this Contract, Pierpont has failed to prove that those breaches caused the damages alleged.
The damages claimed by Pierpont are the failure of Morelite to pay retainage of $27,892.20 through Requisition dated February 21, 1998, the failure of Morelite to pay $31,101.50, the amount due under Requisition dated March 23, 1998, and unspecified lost profits under the contract.
Before any retainage is payable, Pierpont must certify that bills for materials and equipment and other indebtedness connected with the contract have been satisfied. Pierpont has failed to so certify because of its misrepresentations. Therefore, its claim for retainage is denied.
Pierpont's claim for $31,101.50 must also be denied. Pursuant to the contract, Morelite may withhold payment to Pierpont in amounts sufficient to pay vendors of Pierpont. Pierpont admits that it is indebted to Electrical Wholesalers, one of its vendors, in the amount of $62,666.63.
Pierpont's claim for lost profits is also denied. In violation of the contract, Pierpont has thrown out all of its records. There is no evidence that Pierpont would have made a profit had it completed the work nor the amount of profit lost. Also there is no evidence of expenditures incurred in performance of the contract for which Pierpont has a right to be paid. Young v. Shetucket Coal Wood Co., 97 Conn. 92, 94-95;Thompkins v. Bridgeport, 94 Conn. 659, 682.
Accordingly, judgment is entered for Morelite under the first count.
Under the second count, plaintiff alleges that Morelite has violated CUTPA and that plaintiff has suffered ascertainable loss.
Plaintiff has failed to prove that the conduct of Morelite, as alleged, violates CUTPA. Those breaches of Contract, as found under the first count, do not rise to the level of a violation of CUTPA. Morelite has not wrongfully refused to pay plaintiff for sums claimed to be due under the Contract.
Accordingly, judgment is entered for Morelite under the second count.
Under the third count, plaintiff alleges that Liberty has been unjustly enriched and seeks $59,093.70 for work and materials provided under the CT Page 7342 Contract for which it received no compensation.
In substance, plaintiff seeks to be paid for retainage through Requisition dated February 23, 1998 plus the payment claimed due under Requisition dated March 23, 1998. As hereinbefore decided, plaintiff has no right to be paid those sums.
Liberty's property interest has been encumbered by plaintiff's failure to pay its vendor, Electrical Wholesalers. Said vendor has filed its mechanic's lien against 152 Temple Street in the amount of $62,666.63.
Liberty has not been unjustly enriched.
Pierpont is not entitled to damages.
Accordingly, judgment is entered for Liberty under the third count.
In this case, Morelite and Liberty have filed one counterclaim with four counts. Each of these counts corresponds with the four counts of Morelite's complaint in Case No. CV98-041-51-32 and Liberty's counterclaim in No. CV99-042-82-01.
The only difference between the four counts of this counterclaim and the four counts of said complaint and counterclaim is that this counterclaim is asserted by both Morelite and Liberty. The evidence offered as to this counterclaim and the aforementioned complaint and counterclaim are identical. Therefore, the findings and judgments entered on each count of the aforementioned complaint and counterclaim are entered on each count of this counterclaim.
Under the first count, in accordance with the findings and judgement on the first count in Case No. CV98-041-57-32 and the first count of the counterclaim in Case No. CV99-042-82-01 judgment is entered for Pierpont.
Under the second count, in accordance with the findings and judgment on the second count in Case No. CV98-041-51-32 and the second count of the counterclaim in Case No. CV99-042-82-01, judgment is entered for Morelite and Liberty, jointly in the amount of $62,666.63 plus interest and reasonable attorney's fees.
Under the third count, in accordance with the findings and judgment on the third count in Case No. CV98-041-51-32 and the third count of the counterclaim in Case No. CV99-042-82-01, judgment is entered for Pierpont.
Under the fourth count, in accordance with the findings and judgment on CT Page 7343 the fourth count, in Case No. CV98-04-51-32 and the fourth count of the counterclaim in Case No. CV99-042-82-01, judgment is entered for Pierpont as to Morelite and for Liberty in the amount of $62,666.63 plus interest.
Ronald J. Fracasse, Judge